[Alabama Gold Life Insurance Co. v. Cobb, Adm'r, et al.]

# Alabama Gold Life Insurance Co. v. Cobb, Adm'r, et al.

| 57 | 547 |
| 106 | 622 |

*Bill in Equity by Administrator Against Life Insurance Company to Recover on a Policy Issued on the Life of Intestate.*

.1 *Presumption as to name and location of defendant corporation; judicial notice.*—Where throughout a bill, and in the foot-note, a defendant is uniformly described as the "Alabama Gold Life Insurance Company," a domestic corporation, except in the part which prays process against the defendants, where it is called the "Alabama Gold Life Insurance Company," with the added designation of the words, "*of Mobile,*" it must be presumed that the name is the "Alabama Gold Life Insurance Company," and the added words, "of Mobile," in the prayer for process, were intended to show its home office and place of business; and the courts will take judicial notice of the place where Mobile is, and to what chancery district it belongs.

2. *Party defendant to a bill to recover on a policy; when widow is not; her rights come through administrator.*—Where a bill is filed by an administrator against an insurance company, to recover on a policy issued by it on the life of the former's intestate, the widow of the latter, not otherwise shown to be interested, is not, because of such relationship, a proper party defendant; whatever right she may have as distributee, must come to her through the administrator.

3. *Same; when bill dismissed on demurrer for want of material defendant in district where filed.*—A bill filed by an administrator in the district where he resides, against an insurance company, a resident of another district, to recover on a policy issued on the intestate's life, in his own favor and that of another defendant (residing out of the State) alleged to have assigned the policy in disregard of the intestate's right, and against the widow of the intestate not alleged to be otherwise interested, will be dismissed on demurrer for want of any material defendant in the district where it is filed.

APPEAL from the Chancery Court of Lee.

Heard before the Hon. N. S. GRAHAM.

This bill was filed by appellee, Geo. S. Cobb, as administrator of one James C. Sledge, against the Alabama Gold Life Insurance Company, of Mobile, a corporation under the laws of Alabama, the administrator *ad litem* of one Thomas L. Scott, deceased, James J. Smith, who resides in West Point, Georgia, and Mrs. Mattie Sledge, who resides in Lee county, Alabama.

The bill alleges that in 1871, the said J. C. Sledge was in partnership with one James J. Smith, under the firm name of Sledge & Smith; that during the existence of said partnership the "Alabama Gold Life Insurance Company," &c., issued its policy on the life of said Sledge for $10,000 in

gold, and delivered the policy to him; that he duly paid the premiums thereon until his death; that said policy was made payable to Sledge & Smith, their heirs, executors, administrators or assigns, and not to the partnership of Sledge & Smith, in consideration of $500, paid to him by one Thomas L. Scott; that said Smith attempted to sell said policy to said Scott, and wrote out a transfer or assignment thereof, signing the partnership name of "Sledge & Smith," and delivered said policy thus indorsed, to said Scott; that said transaction was without the knowledge or consent of Sledge; that he notified the company of his disapproval of it as soon as it came to his knowledge; that notwithstanding such notice, said company paid to said Scott, after the death of Sledge, about $4,009, in alleged settlement and compromise, whereupon the policy was surrendered to, and is now in possession of, the company; that said compromise was effected without regard to the interest of Sledge or his widow, or those claiming under him; that said Scott was not related to, nor a creditor of, said Sledge; that he purchased said policy simply as a speculation, and it was nothing but a wager, and void as being against public policy; that said firm was dissolved during Sledge's life, and that (to the best of complainant's information and belief) in the contract of dissolution, Sledge agreed to assume the debts of the firm, whereby Smith released to him all the partnership property and all claims and demands in which they had been jointly interested; that, &c., &c. The aforesaid parties against whom the bill was filed, were made parties defendant to the bill, by process directed to the places aforesaid. The bill prays, *first*, that the said transfer be annulled; or, *second*, that it be held to have passed only Smith's interest in the policy; *third*, that in either event, an account be taken of the amount justly due complainant on said policy as administrator, and a moneyed decree be rendered therefor against said company.

The defendant, the Alabama Gold Life Insurance Company, submitted the following grounds of demurrer to the bill: *First*, it is not filed in the chancery district in which defendant resides; *second*, it does not show that said company resides in Lee county, where the bill is filed, or in the fifth district of the Eastern Chancery Division of Alabama; *third*, that it shows that said company resides in Mobile county, and that James J. Smith resides in the State of Georgia, and that Mrs. Mittie Sledge resides in Lee county, within said fifth district, but it does not show that said Mrs. Sledge is a material defendant, or that any decree is sought against her;

_fourth,_ it shows that it should have been filed in the county of Mobile, where said company resides and are found, and that said company is a material defendant, and the only defendant against whom a decree is sought.

The cause was submitted on demurrer, which was over-ruled. Such judgment is now assigned as error.

SAMFORD & LINDSEY, with whom were BOYLES & OVER-ALL, for appellant.—1. The bill must be filed in the district where a material defendant resides—Code, § 3760; _Lewis v. Elrod,_ 38 Ala. 20. And we respectfully submit that Mrs. Mittie Sledge, who resides in Lee county, is not a material defendant, nor is the administrator _ad litem_ of said Scott. See _Lewis v. Elrod, supra; Mims v. Mims,_ 35 Ala. 23.

2. In reference to the defendant, the Alabama Gold Life Insurance Company, to say that it is " of Mobile" is sufficient for all practical purposes to locate the residence of this defendant. The court will take judicial notice of where Mobile is.—See _Boardman v. Ewing,_ 3 Stew. & Port. 293; _City Council of Montgomery v. M. & W. P. R. Co._ 31 Ala. 76.

3. A corporation is an inhabitant of the State, the resident of a State, and its residence is in the county where its principal office is. This point is settled in the construction of a similar statute, &c., in the case of _Thorn v. Central R. R. Co._ 2 Dutch. (N. J.) 121.

JOHN M. CHILTON, _contra._—1. True, the defendant is called the "Alabama Gold Life Insurance Company, _of Mobile,_" but the italicised words refer to its designation, and not to its residence. While the court may take judicial notice _where Mobile is,_ they can not say that the averment of the bill is equivalent to the assertion that the corporation now resides in Mobile.

2. The corporation, under the facts stated in the bill, is suable in Lee county, though its chief place of business is in Mobile; it delivers its policies, collects its premiums, and becomes liable in Lee county. The statute requiring suits to be instituted in the district where the defendant resides, was not intended to apply to cases like the present.—_Glaize v. South Carolina R. R. Co._ 1 Strobh. (S. C.) 70; Abbot's Dig. Law of Corporations, p. 713; 5 Clark (Iowa), 518; 15 How. N. Y. Prac. R. 170.

3. Scott's administrator _ad litem_ resided in Lee county, and was a material defendant, as the bill seeks to set aside Scott's purchase of the policy, and the settlement between Scott and the company.—See 1 Brick. Dig. p. 753, § 1687.

4. Mrs. Mittie J. Sledge resides in the district in which the bill was filed. She is a widow of complainant's intestate,. and would be entitled to share in the estate, hence she was a material defendant.

MANNING, J.—The bill of appellee, Cobb, as administrator of one Sledge, deceased, seeks to subject the Alabama Gold Life Insurance Company, a corporation of this State, to payment of a part of the amount of a policy issued by that company upon the life of Sledge, payable (as the bill avers) to Sledge and one Smith, their heirs, executors, administrators, or assigns. Sledge and Smith were partners,. but the bill alleges that the policy was not payable to the partnership of Sledge and Smith.

1. In the early and charging part of the bill where the company is first named, and elsewhere in it, and in the footnote at the end, the company is described particularly by the name above set forth, as a corporation of this State. But when the complainant designates the persons to be made defendants, against whom process is to be issued, he designates the company as the Alabama Gold Life Insurance Company of *Mobile.* We can not doubt that the words "of Mobile" were added to show where the home office of the corporation, its place of residence, was. That we do not misconstrue them, appears from the fact, that with the same understanding of them the summons to the company to appear and answer, was sent by the register to the sheriff of Mobile county, and was by him executed. The public acts apprise us that Mobile is a municipal corporation of Alabama, and where it is situated. We are, therefore, informed where the Alabama Gold Life Insurance Company's home office is, and that the company does not reside in Lee county.

2. Mittie Sledge, the widow of the person whose life was insured, is not shown to have any interest in the matter in controversy. If she shall have any as distributee of his estate, it will come to her through the administrator. And she is not a proper party at all to the suit. The case of *Waddell, Adm'r v. Lanier* (54 Ala. 440), was one concerning real estate, and in which no material defendant at all resided in Alabama. Mrs. Hopkins bore a different relation in that case, from that of Mrs. Sledge in this.

3. J. J. Smith, of whose assignment of the policy to Scott complaint is made, resides in the State of Georgia. And Scott had been dead two years when this suit was brought; during all of which time, no executor or administrator had

[Dryer v. Lewis.]

been appointed to represent him. There was none when the bill was filed. It prays that the chancellor will appoint, to represent Scott in the cause, an administrator *ad litem*—a mere formal party, who is not required by law to give any bond, and would not be entrusted with any property, if there were any of Scott's estate to be administered, and of whom no recovery could be had. It is too plain for question, from the entire bill, that the only party who is really pursued, the only "material defendant" residing in this State, is the Alabama Gold Life Insurance Company. And according to the law which declares that a bill in chancery "must be filed in the district in which the defendants, or a material defendant resides," this company has a right to insist that it shall not be held to answer in such a case, before a court in a distant part of the State. We have no authority to deprive it of the same privilege under the statute that any other defendant might justly claim. The demurrer very perspicuously sets forth the suing in a wrong district as the objection assigned to the maintenance of this suit; and it is not vitiated by being assigned as matter showing a want of equity in the bill.

Let the decree of the chancellor be reversed, and a decree be here entered sustaining the demurrer and dismissing the bill.