[Gay, Hardie & Co. v. Brierfield Coal & Iron Co. and Brierfield Coal
& Iron Co. v. Gay, Hardie & Co.]

# Gay, Hardie & Co. v. Brierfield Coal & Iron Co.
## and
# Brierfield Coal and Iron Co. v. Gay, Hardie & Co.

*Bill in Equity by Simple Contract Creditors against In-*
*solvent Corporation and Trustee of Mortgage Bond-*
*holders.*

1. *Conflict of jurisdiction between Federal and State Courts.*—The
pendency of a suit in a Federal court under a bill filed by a trustee in
a mortgage against an insolvent corporation and its mortgage bond-
holders in which suit the succeeding trustee, appointed by the court,
was authorized to issue receiver's certificates, creating a prior lien on
the property, and a decree of foreclosure and sale had been rendered
without any effort to collect the outstanding indebtedness of the
stockholders, who were the principal bondholders,—does not oust the
jurisdiction of the State chancery court to entertain a bill by simple
contract creditors of the corporation, who were not parties to that suit,
and could not properly assert their rights therein against the corpo-
ration and the trustee, assailing the mortgage bonds as having been
issued without consideration, in fraud and violation of constitutional
provisions, and attacking the judicial proceedings as fraudulent and
collusive.

2. *Same; State court can not interfere with possession of trustee or receiver*
*under appointment of Federal court.*—While, in the case above stated,
the simple contract creditors can maintain such bill in equity in a
State court, because they were not parties to the suit in the Federal
court, and their rights and claims were not before said court, and
they were without opportunity to maintain them, and, therefore, by
the decree of foreclosure and sale no right or claim of the said com-
plainants was or could be adjudicated, the State court, in granting such
relief as might be proper, can not interfere with the possession of the
property of the trustee or receiver appointed by the Federal court.

3. *Material defendant in a chancery suit; district in which the bill*
*should be filed.*—A material defendant, within the meaning of the
statute, which requires an original bill to be "filed in the district in
which the defendants or a material defendant resides," (Code,
§ 3421), is a defendant who is a necessary party, really interested in

the result of the suit, and against whom a decree is sought; and to
an original bill assailing a decree of foreclosure of a mortgage or deed
of trust for fraud, the trustee in the mortgage is an indispensable
party, and said bill is properly filed in the district of his residence.

4. *Same; transfer of cause to another district; effect on parties.*—
Where a bill is filed in a district where one of the material defend-
ants resides, parties, as originally constituted, have full competency,
by consent, to transfer the cause to the chancery court of another
district of co-equal jurisdiction of the subject matter, such transfer
by consent conferring upon the latter court jurisdiction of the per-
sons; and if, after the cause is thus transferred, it becomes necessary
by amendment to introduce new parties, they can be introduced into
the suit without affecting the jurisdiction of the court over the per-
sons or subject matter; and the cause will proceed in the court to
which it is transferred, in all respects as if originally commenced
therein, and there can be no further inquiry into, or contestation of
the local jurisdiction of the court or the local jurisdiction of the par-
ties who are before it.

5. *Same; amendment by introduction of parties defendant.*—It is an
original bill in equity which the statute requires shall be filed in the
district of the residence of a material defendant, and it is only a de-
fendant brought before the court by the original bill who can com-
plain that he is not sued in the district of his residence; and where,
after the filing of a bill in the district of the residence of a material
defendant it is transferred by consent of the original parties to
another district of co-equal jurisdiction, an amendment to the bill
by introducing another party as a defendant is not the commence-
ment of a new suit, and such an amendment can be allowed without
regard to the district and residence of the party so sought to be in-
troduced.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The facts averred in the original bill are fully stated
in the report of this case on the former appeal.—94 Ala.
303.

After the remandment of the cause, the complainants
amended their bill by averments that after the filing of
the original bill the property of the Brierfield Coal &
Iron Company described in the mortgage and deed of
further assurance, had been sold under the decree of the
federal court, a deed executed therefor, and the pur-
chaser put into possession. The bill was also amended
by making Thomas J. Peter and others, who were the
holders of bonds secured by the deed to Plumb, parties
defendant.

[Gay, Hardie & Co. v. Brierfield Coal & Iron Co. and Brierfield Coal
& Iron Co. v. Gay, Hardie & Co.]

After these amendments were filed, T. J. Peter filed a plea to the local jurisdiction of the chancery court of Jefferson county, on the ground that he did not reside in Jefferson county, that no other defendant resided there, and no part of the property was located in that county. W. L. Chambers by his pleas, which were supported by answer, set up the same grounds of defense relied upon by him in his demurrer to the original bill. The Brierfield Coal & Iron Company refiled the same demurrer which it had interposed to the original bill.

The case was submitted on the demurrers and the sufficiency of the pleas of Peter and Chambers, and the chancellor overruled the demurrers and the plea of Chambers, and sustained the plea of Peter. The complainants appeal and assign as error the ruling on the plea of Peter, and the defendants appeal and cross-assign as error the rulings on the demurrers and on the plea of Chambers.

The errors assigned by the defendants raise the same questions as were decided on the former appeal, but the amendments to the bill as stated, show that since the original bill was filed, the decree of the federal court in the case of Chambers, trustee, v. Brierfield Coal & Iron Co. has been fully executed, and the possession of all the property sought to be subjected, was delivered to the purchaser, who had express notice of the pendency of this suit.

D. S. TROY and ALEX T. LONDON, for Gay, Hardie & Co.—1. It must be determined from the facts of each case when the general creditors of a corporation may ask a court of equity to enforce their lien on the assets of the corporation. The creditors are not entitled to this remedy while the corporation is a going concern; and they are clearly entitled to it after a judgment of dissolution at law. Courts of equity deal with substance and not with mere forms; it treats that as done which ought to be done; and when the facts show a potential dissolution of a corporation, a condition of total incapacity to carry out the purpose for which the franchise to be and exist as a corporation was granted, a court of equity must deal with it just as if a formal judgment of dissolution had been rendered. A court of equity, aside from

express statutory authority, has no jurisdiction to formally dissolve a corporation, and without this power to treat as dissolved a corporation potentially dead but not formally dissolved, courts of equity would be shorn of a power absolutely indispensable in administering justice between the creditors of corporations. All the authorities concur in extending the rule to the full limit here stated.—*Gen. Agr. Asso. v. Ala. Ins. Co.*, 70 Ala. 120 ; *Dummer v. Wood*, 3 Mason 308 ; *Mumma v. Potomac Co.*, 8 Peters 28 ; *St. Mary's Bk. v. St. John*, 25 Ala. 566 ; *Hukabee v. Smith*, 58 Ala. 191 ; *M. & W. P. R. R. Co. v. Branch*, 59 Ala. 139 ; and the numerous other cases cited on the former appeal of this case, 94 Ala. 303 ; *Ft. Payne Bank v. Ala. Sanatarium*, 103 Ala. 358.

2. If a lien of the complainants attached from and by virtue of the filing of their bill which was after the decree of foreclosure, they were, in no sense, parties or privies, and hence were not bound thereby. This question was expressly decided on the former appeal.—*Gay, Hardie & Co. v. Brierfield Coal & Iron Co.*, 94 Ala. 303 ; 1 Black on Judgment, p. 592; *Michaels v. Post*, 21 Wall. 398 ; *Eslava v. Eslava*, 50 Ala. 32. *Lee v. Lee*, 55 Ala. 590; *Dunklin v. Wilson*, 64 Ala, 162 ; *Dunklin, v. Harvey*, 56 Ala. 177 ; *Humphrey v. Burleson*, 71 Ala. 1 ; *Bank v. Durant*, 22 N. J. Eq. 33, s. c. 24 N. J. Eq. 556 ; 3 Pom. Eq., §§ 919, 970 ; 1 Story's Eq., § 252a; *Johnson v. Waters*, 111 U. S. 640 ; *Sawyer v. Hoag*, 17 Ala. 610.

3. The statute of Alabama declares in terms that a "creditor without a lien may file a bill in chancery to discover, or to subject to the payment of his debt, any property which has been fraudulently transferred or conveyed, or attempted to be fraudulently transferred or conveyed by his debtor."—Code of 1886, § 3544. And this court in numerous decisions has held this statute constitutional.—*M. & F. R. Co. v. McKenzie*, 85 Ala. 546; *Lawson v. Warren*, 89 Ala. 584 ; *Martin v. Carter*, 90 Ala. 96 ; *Gibson v. Trowbridge*, 93 Ala. 579.

4. The plea to the jurisdiction of the court by the defendant Peter, who was introduced as a party defendant, after the transfer of the cause to the chancery court of Jefferson county, should have been overruled.—*Harwell v. Lehman*, 72 Ala. 344 ; *Campbell v. Crawford*, 63 Ala. 392 ; *Hail v. Moody*, 9 Ala. 339 ; *Byrd v. McDaniel*, 26

[Gay, Hardie & Co. v. Brierfield Coal & Iron Co. and Brierfield Coal
& Iron Co. v. Gay, Hardie & Co.]

Ala. 582; *Freeman v. McBroom*, 11 Ala. 943; *Johnston v. Shaw*, 31 Ala. 592.

PETTUS & PETTUS, *contra.*—1. In Alabama, under our statutes, a defendent resident in Alabama, can not be sued in a chancery court outside of his county, except in two cases—one where the suit is brought in the county where some material defendant resides, or—second, where land is the subject of controversy and a suit is brought in the district where a material part of the land is located.—Code, § 2431; *Campbell v. Crawford*, 63 Ala. 392; *Lewis v. Elrod*, 38 Ala. 17; *Street v. Selig*, 88 Ala. 533: *Harwell v. Lehman*, 72 Ala. 344.

2. No receiver or marshal or trustee, in the possession of property, under the authority, direction and control of the circuit court of the United States, in a suit therein pending, can be sued in any other court touching the property in its possession, without leave of the court under which he is acting.—High on Receivers, § 254; *Barton v. Barber*, 104 U. S. 126; *Ames v. Trustees*, 20 Beavan 332; *Gray v. Davis*, 16 Wall. 203; *Nes. v. Gibson*, 7 Paige 515; *Angel v. Smith*, 9 Vesey 335.

3. Where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether it be correct or otherwise, its judgment, till reversed, is regarded as binding in every other court; and where the jurisdiction of a court, and the right of a plaintiff to prosecute in it, have once attached, that right can not be arrested or taken away by proceedings in another court. * * * * "Neither can one take property from the custody of another by replevin or any other process."—*Peck v. Jenness*, 7 How. 625; *Freeman v. Howe*, 24 How. 459; *Taylor v. Caryl*, 20 How. 583; *Crippendorf v. Hyde*, 110 U. S. 276; *Colbath v. Buck*, 3 Wall. 334; *Heidretter v. Oil Cloth Co.*, 112 U. S. 294; *Wiswall v. Sampson*, 14 How. 52; *Peal v. Phipps*, 14 How. 168; *Hollins v. Brierfield C. & I. Co.*, 150. U. S. 371.

4. State courts have no jurisdiction or power to review or modify or declare void any decree of any court of the United States.—*United States v. Peters*, 5 Cranch. 115; *United States v. Booth*, 21 How. 506; *Freeman v. Howe*, 24 How. 459.

5. Where a circuit court of the United States has pos-

session by a receiver, marshal, or trustee, or any other officer of that court, of property, real or personal, in a suit pending in that court, any person, without regard to his residence, having any interest in that property, or claim to it, or lien upon it, or title to it, no matter what the value may be, may intervene in the pending suit, by bill in that court, and as a part of the pending cause; and the court, thus having the possesion of the property, is bound to give to such intervening party justice according to law; and the refusal of the court to grant to the party thus intervening all of his legal or equitable rights would be an error which would be reversed on appeal or writ of error. This is what is called the ancillary jurisdiction of the United States court, and it is unlimited; and is founded on necessity arising from the fact that no other court has power or authority to interfere either with the possession or the jurisdiction of the United States court. *Johnson v. Christian*, 125 U. S. 642; *Minnesota Co. v. St. Paul Co.*, 2 Wall. 633; *Crippendorf v. Hyde*, 110 U. S. 276; *Freeman v. Howe*, 24 How. 450; *Morgan Co. v. Texas &c. R. Co.*, 137 U. S. 201; *Hollins v. Brierfield C. & I. Co.*, 150 U. S. 371.

6. When a cause in chancery has been regularly submitted to the chancellor for his decree on a demurrer to the bill and on pleas in abatement of the bill, and is held up for decree by the chancellor on such submission, the register has no power to allow an amendment to the bill.—*Volts v. Volts*, 75 Ala. 555.

PER CURIAM.—When this cause was before this court at a former term, (*Gay, Hardie & Co. v. Brierfield Coal & I. Co.*, 94 Ala. 303), there was a very elaborate discussion of all the questions now involved in the demurrer of the appellant, the Brierfield Coal & Iron Company, and the pleas of the appellant Chambers. The result and effect of the decision then made seem fully and clearly summarized in the first head-note of the reporter: "The pendency of a suit in a Federal Circuit Court, against an insolvent corporation and its mortgage bondholders, under a bill filed by the trustee in the mortgage and deed of further assurance, in which suit the succeeding trustee, by appointment of the court, has been allowed to issue receiver's certificates, declared to be a first lien on

the property, and a decree of foreclosure and sale has
been rendered, without any effort to collect the outstand-
ing indebtedness of the stockholders, who are also the
principal bondholders,—does not oust the jurisdiction of
a State chancery court to entertain a bill by simple con-
tract creditors of the corporation, who were not parties
to that suit, and could not properly assert their rights
therein, against the corporation and the trustee, assail-
ing the mortgage bonds as having been issued without
consideration, in fraud and violation of constitutional
provisions, and the judicial proceedings as fraudulent
and collusive ; but nothing is decided as to the character
and extent of the relief which may be granted under
such a bill, except that the court can not interfere with
the possession of the property by the trustee or receiver."
The essential principle on which the decision depends
and was rested, is, that by the decree of the foreclosure
and sale, no right or claim of the creditors of the corpo-
ration who were not parties was adjudicated, or could be
adjudicated, for the reason that their rights or claims
were not before the court, and they were without the op-
portunity to maintain them.　Without expressing assent
to, or dissent from, these conclusions, if they were *res
integra*, they are now conclusive on the court.　It may
be, as is argued, that they are in direct conflict with the
later case of *Hollins v. Brierfield Coal & Iron Company*,
150 U. S. 371, a case not distinguishable from the pres-
ent case in any respect, except in that case the bill was
filed in the Federal court in which the decree of fore-
closure and sale was rendered.　The Supreme Court de-
cided that the simple contract creditor had a right, and
it was a duty to intervene, in the suit for the foreclosure
of the mortgage, and assert whatever of right or equity
they had in respect to the property.　The court said :
"Doubtless in such foreclosure suit the simple contract
creditor can intervene, and if he has any equities in re-
spect to the property, whether prior or subsequent to
those of the plaintiff, can secure their determination and
protection ; and here, by the express language of the bill
filed by the trustee, all claimants and creditors were in-
vited to present their claims and have them adjudicated."
And it would seem from the opinion, that the decree of
foreclosure is binding on the plaintiffs, Gay, Hardie &

Co. But the court is unwilling to depart from the previous decision, and of consequence, there was no error in over-ruling the demurrer and pleas.

2. The statute, (Code, § 3421), requires an original bill to be "filed in the district in which the defendants, or a material defendant resides," &c. A material defendant, ant, within the meaning of the term as employed in the statute, is not a mere nominal or proper party, but is a defendant who is a necessary party, really interested and against whom a decree is sought.—*Lewis v. Elrod*, 38 Ala. 17; *Waddell v. Lanier*, 54 Ala. 440 ; *Ala. Gold Life Ins. Co. v. Cobb*, 57 Ala. 547 ; *Harwell v. Lehman*, 72 Ala. 344. It seems to us, Chambers, the trustee in the mortgage, in whom the legal title to the property in controversy resided, and who had obtained the decree of foreclosure assailed for fraud, was an indispensable party defendant, and the original bill was properly filed in the district of his residence.

The parties as originally constituted had full competency by consent to transfer the cause to the chancery court of another district of co-equal jurisdiction of the subject matter. Consent will confer jurisdiction of the persons, and jurisdiction of the persons only was conferred by the transfer, not jurisdiction of the subject-matter, with which the court was clothed by law. When the suit reached the chancery court of Jefferson, as to jurisdiction of the person of the plaintiffs and defendants, that court succeeded to the jurisdiction which the court of chancery of Colbert had acquired. Thereafter, the suit progressed as if it had been originally commenced in the chancery court of Jefferson—by the transfer the parties lost nothing of essential right which had attached while the suit was pending in the chancery court of Colbert. In the transfer of causes from one court of the State to another of co-equal jurisdiction of the subject-matter, all that is lost by one court, or acquired by the other, is mere local jurisdiction. If it becomes necessary after such transfer, by amendment, to introduce new parties, they will be introduced into a suit pending in a court of plenary local jurisdiction, and of the persons of the parties, as the suit is constituted. That jurisdiction is as fixed as if the transfer had not been made, or the suit originally commenced properly in the court to which

it is made ; there is no room for further inquiry into, or contestation of the local jurisdiction of the court, or the jurisdiction of the person of the parties who are before it. It is the original bill only, which the statute requires to be filed in the district of the residence of a material defendant, and it is only a defendant brought before the court by original bill, who can in any form complain that he is not sued in the district of his residence. The objection is strictly and purely personal, and must be interposed before entering upon a defense on the merits. If it is waived, as it may be, the suit is as properly constituted, as if the objection did not exist. Steering clear of all cases of collusive suits, frauds upon the court and its jurisdiction, against which it is the duty of the court at all times to protect itself and its suitors, parties who are subsequently introduced into the suit by amendment or otherwise, are introduced into a suit of which the court has plenary jurisdiction.

The amendment of the bill, introducing Peter as a defendant, was not, in any proper sense, the commencement of a new suit. So far as the question we are considering is involved, it was a continuation of the suit as originally commenced; the mere correction or curing a defect therein existing. It was an incident of the jurisdiction the court had acquired to call him in by amendment, without regard to the district of his residence. Otherwise, the jurisdiction of the court could not be made effectual. There was error in sustaining the plea to the jurisdiction as interposed—it should have been overruled. On the cross-appeal of the appellants, Gay, Hardie & Co., the decree will be reversed, and a decree will be here entered overruling the plea of the defendant Peter and the cause will be remanded.

Reversed, rendered and remanded.