(135 So. 447)

## Ex parte FAIRFIELD–AMERICAN NAT. BANK.

### 6 Div. 920.

Supreme Court of Alabama.

June 18, 1931.

A. Leo Oberdorfer, of Birmingham, for petitioner.

G. P. Benton, of Fairfield, for respondent.

SAYRE, J.

Petitioner Fairfield-American National Bank had filed its bill in equity against J. H. Murray, Melinda Murray, John C. Hill, and Ensley Dry Cleaners, Inc., to have set aside conveyances of real and personal property as having been made in fraud of complainant, a creditor, to vacate and annul a judgment rendered in the circuit court of Jefferson,

"Bessemer Division" in favor of Hill and against Murray, on the ground that the same was collusive and fraudulent, and for discovery. The bill was filed at Birmingham, but, on the plea of the Murrays, was transferred to the Fifth Division of the circuit court of Jefferson, sitting at Bessemer. The present proceeding seeks to vacate the decree transferring the cause to the "Bessemer Division."

The bill in the original cause sought to set aside a conveyance of real property made by J. H. Murray to his wife Melinda, recorded in the office of the judge of probate of Jefferson county, "Bessemer Division," and that the Ensley Dry Cleaners, Inc., be decreed to be a sham and a fraud designed "to create a cache wherein and whereby J. H. Murray could cover up and conceal from complainant and others his dry cleaning business and plant, and delay his creditors in subjecting the same to his debts; that said John C. Hill and Melinda R. Murray had knowledge of the said intent of J. H. Murray; that said corporation is a pretense merely and void and that the property pretended to be owned by it is the property of J. H. Murray and that complainant has a lien thereon for its debt." The further averment is that Murray and his wife and Hill own all the pretended capital stock of the corporation, Hill and Murray owning one share each, the remaining eighteen shares being in the name of Murray's wife Melinda; that Murray had executed and delivered to Ensley Dry Cleaners, Inc., a bill of sale conveying all of said plant, machinery, and equipment, shown by an exhibit to consist of personal property only. The averment of the original bill in equity was that "Ensley Dry Cleaners, Inc., is a corporation organized under the laws of the State of Alabama with its original declaration of incorporation filed in the office of the judge of probate of Jefferson county, Alabama, and the said corporation has its office and principal place of business at Ensley, in Jefferson County, Alabama;" and that Murray, and his wife Melinda, and Hill are residents of Jefferson county, Ala.

The question presented for decision is whether petitioner's bill was properly removed to the branch of the court at Bessemer for hearing and decree in the court sitting there.

On the facts stated, if the Ensley Dry Cleaners, Inc., is suable at Birmingham, petitioner's bill was properly filed at Birmingham, notwithstanding its individual stockholders, who are also parties defendant in the cause in equity, all reside within the jurisdiction of the "Bessemer Division."

A bill in equity may be filed in any county in which a material defendant resides. Code, § 6524. A material defendant, within the meaning of the cited statute, is not a mere nominal or proper party, but is a defendant who is a necessary party really interested, and against whom a decree is sought. Gay v. Brierfield Coal & Iron Co., 106 Ala. 622, 17 So. 618. The corporation here in question, Ensley Dry Cleaners, is owned by stockholders all of whom reside within the jurisdiction of the "Bessemer Division" of the circuit court of Jefferson, as appears from petitioner's bill in equity. But the domicile of the corporate defendant to petitioner's bill in equity is averred to be Ensley, which is a part of the city of Birmingham. We have quoted the averment of the bill as to the office and principal place of business of respondent corporation. The domicile of a corporation and of its stockholders are different things. The domicile of incorporators or stockholders does not determine the domicile of their incorporation. In this connection, and as affecting the matter of venue, we have quoted section 6524 of the Code which deals with venue generally. Section 10471 provides that "A foreign or domestic corporation may be sued in any county in which it does business by agent." The territorial jurisdiction of the "Bessemer Division" is fixed by statute and does not include Ensley. Acts (Local) 1919, p. 62. It may be conceded that petitioner's bill in equity might have been filed in the "Bessemer Division" of the circuit court of Jefferson. But it may not be doubted that, if the Ensley Dry Cleaners is a material party defendant to petitioner's bill in equity, that bill was well filed in the circuit court of Jefferson, sitting at Birmingham. If it be conceded that it might have been filed in the "Bessemer Division," still venue as between Birmingham and Bessemer, was, on the facts averred in petitioner's bill in equity, a matter depending on the petitioner's election, and it has elected to file its bill at Birmingham. Reeves v. Brown, 103 Ala. 537, 15 So. 824; Stone v. Davenport, 200 Ala. 396, 76 So. 312, and cases there cited. It is not doubted that the Ensley Dry Cleaners is a material defendant as against petitioner's bill in equity. The rights and liabilities of corporations and their stockholders are essentially different. Appellant, in view of the provision of the statute to which we have referred and the averments of his bill in equity, was entitled as of right to file his bill at Birmingham. 14 A. Corpus Juris p. 791, § 2877.

Writ awarded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.