20 So.2d 452

### WILSON et al. v. WILSON et al.

7 Div. 799.

Supreme Court of Alabama.

Dec. 14, 1944.

Rehearing Denied Jan. 25, 1945.

John A. Lusk, Jr., of Gadsden, for appellees.

Granade & Granade, of Chatom, and Adams & Gillmore, of Grove Hill, for appellants.

THOMAS, Justice.

The appeal is from the overruling of respondents' demurrer, and from the decree of the circuit court holding insufficient certain of respondents' pleas, presented here on petition for mandamus.

The demurrants insist that the bill as framed showed the venue of the action was in other counties and not in Etowah. Our venue statute, Code 1940, Tit. 7, § 294, among other things, provides:

"The bill must be filed in the county in which the defendant, or a material defendant, resides; * * * or if real estate be the subject-matter of the suit, whether it be the exclusive subject-matter of the suit or not, then in the county where the same, or a material portion thereof is situated."

The pertinent grounds of the petition for mandamus are:

"The subject matter of this action is lands, exclusively, which lands lie principally in Washington County, Alabama, the remainder in Clarke County, Alabama, but no part of said lands are in Etowah County, Alabama, therefore, the proper venue of said action is in either Washington or Clark Counties, and not in the County of Etowah; and respondents deny that the Respondents residing in Etowah County are material Respondents.

"(2) For that respondent Henry H. Wilson, and a majority of the necessary parties to this suit, are residents (bona fide) of Washington County; a part of the necessary respondents are bona fide residents of Clarke County, and that no party litigant, or necessary party who is a contesting litigant in this cause and against whom a decree is sought affirmatively is a bona fide resident of Etowah County, Alabama.

"(3) For that the real estate, which is the subject matter of this action, is located in the Counties of Washington and Clarke in the State of Alabama, and no necessary party defendant, who holds an interest antagonistic to complainants' contention, resides in Etowah County, Alabama."

The recitals of the bill as to necessary parties, as to the Lucile Wilson DuPre deed and the words of the trust will be set out by the reporter.

Appellees' counsel say that the major aspects of the bill are: (1) Seeking to ascertain those who have interests in the trust fund; and (2) Accounting and ascertainment of the conduct, receipts and disbursements of the trustees. It is further asserted that the respondents of the class of McCorqudale et als., held a derivative title or claim, and that it is important to the trustees to have their title settled, as also the rights of those who assert an adverse claim or title. It is likewise insisted that H. H. Wilson and Carol Wilson Luke, assert that certain parts of minerals are not subject to the trust; that all beneficiaries of the trust in mineral interests are necessary and vitally interested parties, as they appear in the bill, in that any decree which might be rendered between the trustees and H. H. Wilson and Mrs. Luke would affect respondents Mollie Wilson Bellenger, Mrs. Mattie L. Wilson and Lucile Wilson DuPre, and in their absence would not be binding on them and would not protect the trustees or Wilson and Mrs. Luke. Hodge v. Joy, 207 Ala. 198, 92 So. 171; Lebeck v. Fort Payne Bank, 115 Ala. 447, 22 So. 75, 67 Am.St.Rep. 51.

Considering that this is true, does this decide the question of venue presented under our statute, Code 1940, Tit. 7, § 294, that has long prevailed in this state?

Code 1940, Tit. 7, § 128 provides:

"In equity of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; if the consent of any one who should have been joined as plaintiff cannot be obtained he may be made a defendant, the reason thereof being stated in the bill of com-

plaint, and when the question is one of a common or general interest of many persons, or where the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

Said section is a new statute from the Code of 1923, as § 5701. See Gunter v. Jones, 244 Ala. 251, 13 So.2d 51. This statute touched parties not venue. Smith v. Smith, 102 Ala. 516, 14 So. 765, and Flomerfelt et al., v. Siglin et al., 155 Ala. 633, 47 So. 106, 130 Am.St.Rep. 67, touch misjoinder, not venue.

Attorney for appellees says:

"In seeking (1) an interpretation of the trust and (2) to clarify the confusion in which certain of the beneficiaries have cast it and (3) an accounting, the attitude of the trustees *is not that of antagonism* toward third persons and interlopers to recover or assert title to property and a decree against such interlopers in which beneficiaries are merely collaterally interested. * * *

"This suit is one to determine the rights of the several parties who have acquired interests under and through the beneficiaries and a right distribution and handling of the trust and its funds and an accounting for past transactions and to this proceeding each beneficiary, together with third persons claiming under some of the beneficiaries are certainly and clearly essential, necessary and material parties *defendants.*"

 Does this, a trust case, come within our construction of the venue statute, long prevailing in this jurisdiction? It must be admitted that our former decisions afford analogy only, in that they are not cases seeking construction of trust estates and directing the administration thereof. We have no case like that presented by the instant proceedings and the challenging of venue. The venue statute comes to us unchanged from the Acts of 1873, p. 119, Code 1940, Tit. 7, § 294. The definition of "a material defendant" comes to us from Lewis v. Elrod, 38 Ala. 17, and Waddell v. Lanier, 54 Ala. 440. Ex parte Fairfield-American Nat. Bank, 223 Ala. 252, 135 So. 447, and First Nat. Bank of Birmingham v. Johnson et al., 227 Ala. 40, 148 So. 745, 746, are not to different effect. In the last cited case it is observed:

"It has often been held that, in order to fix the venue by the residence of a material party defendant, he must have been really interested in the suit, and that a decree against him is sought, so that his interest is in a sense antagonistic to that of complainant; in other words, a necessary rather than a merely proper party. * * *

"The sufficiency of the bill is not here involved except for the purpose of determining its nature and character so as to ascertain who are necessary parties to such a bill. As we have said, it seeks to vacate a sale of the interest of W. R. Young in the partnership and to have an accounting and settlement of the partnership business; that such interest be ascertained and condemned to the satisfaction of the debt, and for general relief. * * *

"When a court of chancery takes jurisdiction for one purpose, it will extend that jurisdiction so as to do complete justice, in respect to matters which directly result from its decree. * * *"

In this last quoted case Lewis v. Elrod, supra, was applied and involved a creditor's bill against partners and individuals engaged in business.

In Riles v. Coston-Riles Lumber Co., 208 Ala. 508, 512, 95 So. 43, the venue was not sustained in Jefferson County where the saw mill was located, but was declared to be in the county where the promotor charged with the fraud resided.

In Ex parte Fairfield-American Nat. Bank, 223 Ala. 252, 135 So. 447, 448, fraud was charged in the conveyance of corporate properties, and the bill sought the vacation and annulment of a judgment of the circuit court in the Bessemer Division. The question for decision was whether petitioner's bill was properly removed to the Bessemer Division of the Circuit Court of Jefferson and Mr. Justice Sayre for this court said:

"On the facts stated, if the Ensley Dry Cleaners, Inc., is suable at Birmingham, petitioner's bill was properly filed at Birmingham, notwithstanding its individual stockholders, who are also parties defendant in the cause in equity, all reside within the jurisdiction of the 'Bessemer Division.'

"A bill in equity may be filed in any county in which a material defendant resides. Code, § 6524 [Code 1940, Tit. 7, § 294]. A material defendant, within the meaning of the cited statute, is not a mere nominal or proper party, but is a defendant who is a necessary party really interested *and against whom a decree is sought* Gay v. Brierfield Coal & Iron Co., 106 Ala.

[615], 622, 17 So. 618. * * *" [Italics supplied.]

█ The question is whether Mollie Wilson Bellenger, Martha L. Wilson or Lucile Wilson are shown to be material parties defendant; whether a decree is necessarily sought against either of them, and whether in a material sense they are antagonistic, or parties "really interested and against whom a decree is sought." It is shown that H. H. Wilson and Carol Wilson Luke, who reside in Jefferson and Mobile Counties, respectively, are the only heirs at law of the· original owners, who claim the lands in hostility to the title with which the trustees were invested. A settlement of this material question touched the right, title and interest of the other parties setting up and abiding by the terms of the trust, which the trustees seek to have interpreted, defined and enforced.

It is true that it is not averred that Mollie Wilson Bellenger, Mrs. Martha L. Wilson or Lucile Wilson DuPre have conveyed to either Joseph Atchison, Charles McCorqudale, Nannie McCorqudale, or Charles H. Atchison any of the lands covered by the trust conveyance. The averments that:

"After the execution, delivery and recording of the trust agreement hereinabove referred to, heirs at law of Levin J. Wilson, and L. M. Wilson conveyed to certain of the defendants herein named, and to other parties, portions of the lands located in Washington and Clark Counties, the surface to which had been allotted and partitioned to them in severalty, but without reservations or exceptions, conveying said tracts of land to such parties by warranty deeds purporting to convey the fee simple title to each of the tracts of lands therein described, said conveyances being in part as follows:

"a. Carol Wilson Luke to the defendants, H. M. Faith, Joseph Faith and Joseph Atchison, lands in Washington County.

"b. Henry H. Wilson to the defendant, H. M. Faith and to others, lands in Washington County.

"c. Mrs. Louise Wilson to the defendant, Joseph Atchison and others, lands in Washington County.

"d. Mrs. Louise Wilson, Mary Lou Wilson Riddle, H. Madison Wilson, Levin J. Wilson, Beverly R. Wilson, Madeline Wilson Stabler, James W. Wilson and Elizabeth Wilson Harris to defendants Charles McCorqudale and Nannie McCorqudale, lands in Clark County.

"e. H. Madison Wilson to Charles H. Atchison, lands in Clark County."

It is averred in the succeeding paragraph that, "In addition to the conveyances referred to in paragraph 5, some of the heirs at law of both Levin J. Wilson and L. M. Wilson have conveyed many and numerous tracts; portions of the lands in which the surface rights were partitioned and allotted to them, to various and numerous persons, many of whom are unknown to these plaintiffs," which by themselves are not sufficient to charge to either of respondents from Etowah County a hostile or antagonistic position to the trustees and against their due administration of the same.

The question recurs on the averments of the trust agreement on which the bill is rested, the many beneficiaries of the trust, the necessity for instruction to trustees as to a right administration and distribution of the full title and all interests thereunder, who are the right parties to the bill and the proper placing of the same under the venue statutes long obtaining in this jurisdiction? Of necessity we are bound by our statutes of venue as effected by the proper placing of the parties in interest.

Many authorities are collected in 65 Corpus Juris, p. 867, § 754, and notes to the text of 65 Corpus Juris, pp. 1018, 1019, § 954, declaring venue is where the land is situated. The decisions of this court since the amendment of 1873, heretofore noted, are decisive of the question of "proper parties" and the proper placing of parties, and must be given application in the immediate suit.

The instant pleading presents a different phase of the matter to which our statutes of venue of necessity must be applied. The whole bill presents a question of vital importance to all parties holding under the trust. The mineral interests were completely severed from the surface and became a separate interest in the beneficiaries, assignees or grantees. This fact is clearly shown by the trust agreement, the several conveyances allotting the surface in severalty executed by all the tenants in common, respectively, and in like tenor to the deed given Lucile Wilson DuPre exhibited as a part of the pleading.

One obtaining an interest in mineral rights by conveyance or contract from a beneficiary through or in subordination to the trust instrument had an interest that was derivative. The trustees seeking a judicial determination of such principle or rights, prayed the effect thereof on the trust fund and property. This determination was a necessary ascertainment of the ratio to the whole class and the right distribution by the trustees to the several beneficiaries of the trust. In this class would fall the McCorqudales and Atchisons and. the group to which they belong, and well illustrates the situation and necessity that the trustees seek a decree declaring the property to be administered and their rights and duties in the premises due the respective owners thereof and therein. This can only be done by a court of competent jurisdiction with the presence of all beneficiaries, claimants, grantees and assignees who are indispensable and material parties properly placed by this pleading. The bill, as we see it, differs from any of our adjudicated cases to which we have adverted and was properly pleaded by the complainants.

It follows from the foregoing that the special plea of respondents Henry H. Wilson and Carol Wilson Luke are not well taken and the petition for mandamus is denied. It also follows that the demurrer of respondents indicated challenging the venue of the chancery court of Etowah County was properly overruled.

The judgment of the circuit court is affirmed.

Mandamus denied. Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.