103 So.2d 370

Mrs. Tishie CLARK

v.

Lucille SANDERS, alias Clark.

4 Div. 965.

Supreme Court of Alabama.

Aug. 28, 1958.

Joe C. Cassady and Joe S. Pittman, Enterprise, for appellee.

LAWSON, Justice.

This is a suit for declaratory judgment filed in the circuit court of Covington County, in equity, by Mrs. Tishie Clark against Lucille Sanders, alias Lucille S. Clark, and J. Howard Clark.

J. Howard Clark died after the suit was filed but before service of any process and the cause was amended by striking him as a party respondent.

The trial court upheld the legal sufficiency of the amended plea in abatement filed by the respondent Lucille S. Clark. Issue was taken on that plea. The trial court, after hearing the evidence, decreed that the amended plea in abatement was sustained by the proof; that complainant's bill be dismissed and that she be taxed with the costs. From that decree the complainant has appealed to this court.

In her amended plea in abatement the respondent Lucille S. Clark averred that she "was a resident citizen of Coffee County, Alabama, at the time the above styled cause was filed in this court, and that she continues to be a resident of said Coffee County,

W. H. Baldwin and Tipler & Fuller, Andalusia, for appellant.

and respondent says that the complainant cannot maintain said cause in this court."

Appellant does not contend that appellee's amended plea in abatement was not sustained by the proof.

■ Appellant recognizes that the provisions of § 294, Title 7, Code 1940, are mandatory to the effect that a bill in equity, except in a few instances, must be filed in the county "in which defendant, or a material defendant, resides." She does not contend that the declaratory judgment statute amends or adds to the exceptions contained in the venue statutes. See 26 C.J.S. Declaratory Judgments § 112, p. 255.

■ Appellant contends that a subject matter of her bill is real estate situated in Covington County, and hence her bill was properly filed in that county under the exception contained in § 294, Title 7, supra, which reads: "* * * if real estate be the subject-matter of the suit, whether it be the exclusive subject-matter of the suit or not, then in the county where the same, or a material portion thereof is situated."

Appellant also contends that her bill was properly filed in Covington County under the authority of § 28, Title 34, Code 1940, which provides that bills for divorce may be filed in the circuit court of the county in which the parties resided when the separation occurred.

We cannot agree with either of appellant's theories or contentions. Her bill is simply one to determine the marital status of the parties. She averred in substance that she and the respondent J. Howard Clark entered into a valid common-law marriage in Covington County in 1946 and lived together as man and wife in that county until July, 1956, at which time respondent J. Howard Clark abandoned complainant in Covington County; that the respondent Lucille S. Clark was holding herself out to be the wife of J. Howard Clark and lived with him as his wife in Coffee County. The prayer of the bill, aside from the prayer for process and for general relief, was that "upon a final hearing of this cause Your Honor will render a declaratory judgment and decree adjudging the marital status of the parties to this cause, and declaring the complainant to be the lawful wife of the respondent J. Howard Clark." There are averments in the bill to the effect that the respondent J. Howard Clark had failed to support the appellant since he abandoned her in July of 1956, although he owned a substantial amount of real estate situated in Covington and Coffee Counties and had a large amount of personal property and a good income. The bill contains the further averment: "* * * that substantial rights concerning real and personal property, and the marital status of the parties to this cause are dependent upon a settlement of said controversy."

■ Although the foregoing references are made in the bill to real estate, some of which was alleged to have been situated in Covington County, we are clear to the conclusion that it cannot be said that a subject matter of this bill is real estate. "Subject matter" means the nature of the cause of action and of the relief sought. Moffatt v. Cassimus, 238 Ala. 99, 190 So. 299; Woolf v. McGaugh, 175 Ala. 299, 57 So. 754. As we have heretofore indicated, the nature of the cause of action in the instant bill is a declaratory judgment to determine whether the appellant or the respondent Lucille S. Clark was the lawful wife of J. Howard Clark. No other relief was sought and in our opinion the real estate which J. Howard Clark was alleged to own is not in any way directly involved. Wilson v. Wilson, 246 Ala. 346, 20 So.2d 452.

■ Clearly the instant bill is not a bill for divorce and hence could not be filed under the provisions of § 28, Title 34, Code 1940. That statute relates to venue in suits for divorce only and this court would be usurping the prerogatives of the Legislature if we were to hold that it has application to a bill of the kind presently under consideration.

We are of the opinion that the trial court ruled correctly in sustaining appellee's amended plea in abatement and in dismissing appellant's bill. Campbell v. Crawford, 63 Ala. 392.

The decree of the trial court is affirmed.

Affirmed.

SIMPSON, GOODWYN and MER-RILL, JJ., concur.