# Patton *v.* Monroe, Admr. *et als.*

*Bill in Equity to have Administration of Estate moved into a Court of Chancery.*

1. *Equity jurisdiction; transfer of jurisdiction of estate from probate to chancery court.*—Where a proper case is presented for the removal of the administration of an estate from the probate into the chancery court, such administration can be removed only into the court of chancery of the county in the probate court of which such administration was pending; the chancery court of no other county in the State having jurisdiction thereof.

APPEAL from the City Court of Birmingham, in Equity.

Heard before the Hon. CHAS. A. SENN.

The bill in this case was filed by the appellant, Ida M. Patton, against the appellee.

The purpose of the bill and the facts of the case averred therein, are sufficiently stated in the opinion.

SUMTER LEA and ARTHUR L. BROWN, for appellant. The original jurisdiction of the court of chancery is not affected by the statutory jurisdiction conferred upon the Orphan's court over the settlement of estates, except when *prohibitory* or *restrictive* words are used, denying the court of chancery the exercise or continuance of its jurisdiction.—*Gould v. Hayes,* 19 Ala. 458; *Hood & Paulin v. Attorney General,* 22 Ala. 190.

The city court of Birmingham, having the powers and duties of a chancery court, and having before it a material defendant, John D. Monroe, individually, and as administrator, could govern and control the administration of the estate involved; it could direct the administrator to sell and convey the property of the estate, wherever situated, and report the proceeds to the court, could require him to account for any property convert-

[Patton v. Monroe, Admr. *et al.*]

ed by him. The administrator is nothing more than the trustee of the creditors and heirs at law.—*Allen v. Buchanan*, 97 Ala. 399; *Rose v. Gibson*, 71 Ala. 35; *Lide v. Parker*, 60 Ala. 164; *Ligon v. Ligon*, 105 Ala. 464; *Harland v. Person*, 93 Ala. 273; *Hinson v. Williamson*, 74 Ala. 180.

STERLING A. WOOD, A. LATADY, THOS. R. R. LEA and R. E. SMITH, *contra.*—The court of chancery has not concurrent jurisdiction in the settlement of estates, with the probate court and will not interfere in the settlement of estates, except to aid the jurisdiction of the probate courts in those points only wherein its functions and powers are inadequate to the purpose of perfect justice, and then in the same degree, and for the same reason, that it interferes in other cases, where the principal jurisdiction is in the courts of common law.—*Adams v. Adams*, 22 Vt. 50.

The case of *Page v. Bartlett*, 101 Ala. 193, is quite conclusive of the question before the court. "Such settlements [of administration] must be removed into the chancery court of the old county in whose probate court such administration was pending; the chancery court of the new county having no jurisdiction thereof." As to the questions which have arisen before this court concerning the removal of administrations from the probate court to the chancery court, see 2 Mayfield's Digest, 954; 3 Mayfield's Digest, pp. 240, 754.

HARALSON, J.—The bill shows that letters of administration were granted to the defendant, John D. Monroe, by the probate court of Bibb county, on the estate of D. E. Monroe, who died in the year 1893. Although it is not so stated, the presumption is, that said D. E. Monroe was an inhabitant of said county of Bibb, at the time of his death, since administration is shown to have been granted in that county, and it is not averred that he was not an inhabitant of this State.—Code, § 55. The administrator, John D. Monroe, it is averred, resides in Jefferson county, Alabama. The bill was filed by one of the heirs of the deceased, against the other

heirs, and against the said administrator of the estate of the deceased.

The object of the bill, shown by its prayer, is "that the administration of the estate of D. E. Monroe be removed from the probate court of Bibb county, Alabama, into this honorable court (the city court of Birmingham in equity) ; that all the books and papers in any wise relating to the administration of said estate be removed and delivered into said court; thàt the said estate be fully administered and distributed in this court; that said John D. Monroe be required to fully and completely account to this court for all of the property he has received as such administrator, or individually, belonging to said estate; that he be required to bring into this court all the property he has received as trustee for the use and benefit of said estate; that he be required to file in said court all of his accounts, vouchers, books, invoices, and all other papers in any wise appertaining to his acts and doings, as such administrator of said estate, and individually, and in short, to give a strict account of his stewardship in and about the property of the said estate, whether acting as administrator or individually," concluding by asking, that all of the property of the estate be sold for distribution, etc., and for general relief.

It is shown, that at the death of the intestate, he was seized and possessed of a large amount of real and personal property in Bibb county; also of lands in the State of Texas, but it is not shown that he owned or possessed any property, real or personal, in the said county of Jefferson.

The defendant, as administrator, pleaded in substance, that the city court of Birmingham, had no jurisdiction of the matters and things set up in the bill, and could not remove the administration of said estate from the probate court of Bibb county into said equity court, and that said administration can only be removed, if at all, into the chancery court, or court with like powers, of the county wherein the said administration is pending. He also moved to dismiss the bill for want

[Patton v. Monroe, Admr. *et al.*]

of equity. The complainant excepted to the plea as being insufficient. The cause was set down for hearing, and submitted on the motion to dismiss for want of equity, and on the plea to the jurisdiction of the court. The court overruled the objection to the plea, sustained the same, and sustained the motion to dismiss for want of equity. The appeal is to reverse that decree.

Admitting the right of the complainant to have a removal of the administration of the estate of her deceased father from the probate to the chancery court, the question is presented whether the administration can be removed into a court of equity except into the one of the district composed of the county of Bibb, in the probate court of which county, the original jurisdiction of the administration of said estate attached.

If the principle contended for by the complainant be admitted, it follows that on her application the administration of said estate might be removed from the probate court in which the letters to the administrator were granted, and where the administration is pending, into the chancery court of any other county of the State, where the administrator might reside, at her choosing,—without reference to distance and the inconveniences of the parties interested. The policy of the law in this State seems to have been, to require the administration to be taken in the county where the deceased lived and died and owned property, and this, no doubt, on the presumption, that the interest of the parties concerned would thereby be promoted. Each probate court in the State is of the same constitutional jurisdiction, and when administration granted in the probate court of one county, though the interest and necessities of those having rights may seem to demand the removal of the administration from one probate court to another, it does not lie within the jurisdiction of any court to so order and adjudge it. That power has heretofore been exercised by the Legislature alone, and it has been the invariable practice in such cases,—of a change of administration from one probate court to another,—to procure an enabling act from the Legislature for that purpose.—*Van Hoose v. Bush,* 54 Ala. 346. Nor

have we been informed of any instance, where the chancery court, in the exercise of its jurisdiction for the removal of administrations into such courts from the probate courts, where administration was granted and pending, has so ordered, except into the chancery court of the county where the administration was taken out and pending. The jurisdiction of the equity courts has, in such cases, always been determined by and exercised in the counties where the jurisdiction of the probate courts attached and was exercised.

The same policy prevails, also, as to the venue of suits at common law, where the residence of the defendant, or the *situs* of the property involved, if real estate, determines the jurisdiction of the court in which the suits are to be instituted.—Code, § 4205.

The same thing is true, substantially, as to the venue of suits commenced in the chancery courts.—Code, § 676.

In consonance with these principles, it was held in *Page v. Bartlett,* 101 Ala. 195, that when the Legislature formed a new county out of portions of two old counties, and made no provisions concerning the administrations of estates pending in the probate courts of the older counties, if it became necessary or proper to transfer into a court of equity the settlement of the administration of an estate in the new county, but which was pending in the probate court of one of the older counties, such settlement must be removed into the chancery court of the old county, in whose probate court such administration was pending; the chancery court of the new county having no jurisdiction thereof.

As was the chancellor, so we are of the opinion, that the chancery court of Bibb county was the one in which this bill should have been filed, if a proper case was presented for the removal of the administration of the estate from the probate to the equity court, which latter fact is not denied. There was no error, therefore, in sustaining the plea and in dismissing the bill.

Affirmed.