[Reeves & Co. *et al.* v. Brown.]

# Reeves & Co. *et al.* v. Brown.

### *Bill in Equity to foreclose Mortgage.*

1. *Bill to foreclose mortgage; court in county of residence of mortgagor or where property situated has jurisdiction.*—Where a mortgagor resides in one county and the land mortgaged is situated in another county, the chancery court of either county, under the provisions of the statute (Code, § 3421), has jurisdiction of a bill filed to foreclose such mortgage, and the mortgagee may elect, at his pleasure, in which of the two counties he will file his bill. (*Ashurst v. Gibson,* 57 Ala. 586, and *Harwell v. Lehman,* 72 Ala. 345, followed; and *Bolling v. Munchus,* 65 Ala. 558, explained.)

APPEAL from the Chancery Court of Fayette.

Heard before the Hon. W. H. TAYLOE.

The bill in this case was filed on May 13th, 1892, in the chancery court of Fayette county, by J. S. Reeves & Co., Handley Bros. & Co. and Murray, Dibbrell & Co., against the appellee, John A. Brown, for the purpose of foreclosing the several mortgages, which had been exe

cuted by the said respondent, Brown, to each of the three complainants. The property which was conveyed in the mortgages was situated in Jefferson county. The said John A. Brown, who was the sole respondent to the bill, resided in Fayette county. The respondent demurred to the bill, on the ground that the chancery court of Fayette county had no jurisdiction of the cause, since the bill should have been filed in the chancery court of Jefferson county, in which county the land conveyed by the mortgages was situated.

On the submission of the cause upon this demurrer, the chancellor sustained the same; and it is from his decree in this behalf that the present appeal is taken, and the said decree is here assigned as error.

APPLING, McGUIRE & COLLIER, for appellants, cited *Ashurst v. Gibson*, 57 Ala. 586; *Harwell v. Lehman*, 72 Ala. 345; *Lewis v. Elrod*, 38 Ala. 17; *Milner v. Ramsey*, 48 Ala. 287; *Waddell v. Lanier*, 54 Ala. 440.

No counsel marked as appearing for appellee.

HARALSON, J.—1. When a bill is filed for the foreclosure of a mortgage on real estate, which is situated in one county, and the mortgagor resides in another, under section 3421 of the Code, the chancery court of either district or county—the one where the mortgagor resides, or the one where the real estate or a material portion thereof is situated—has jurisdiction, and the complainant may elect, at his pleasure, in which of the two districts or counties he will file his bill.—*Ashurst v. Gibson*, 57 Ala. 586; *Harwell v. Lehman*, 72 Ala. 345.

2. There is nothing in *Bolling v. Munchus*, 65 Ala. 558, as the learned chancellor seemed to suppose, which conflicts with the construction given this statute in the cases above cited. In that case, the mortgagor of the land the bill was filed to foreclose was a non-resident, in which case, the statute itself provides, that the bill must be filed "in the district where the subject of the suit, or any portion of the same, is when the cause of action arose, or the act on which the suit was founded was to be performed."

The court below erred in sustaining the demurrer to the bill.

Reversed and remanded.