# Howell & Howell, *et al. v.* Harris-Cortner & Co.

## *Receivership.*

(Decided April 14, 1910. Rehearing denied June 30, 1910. 52 South. 935.)

1 *Receivers; Appointment.*—The appointment of a receiver made prior to the filing of a bill and in vacation, is beyond the jurisdiction of the chancellor and void.

2. *Same.*—Before a receiver is appointed, a proper bill praying for the same should be filed with the register in chancery in the district in which the defendant, or material defendant resides, as is required by section 3097; and upon the filing of such bill with the register, he may act alone in the appointment of a receiver.

3. *Same; Revocation; Appeal.*—Where a receiver is erroneously appointed on an ex parte application before bill filed, the appointment will be revoked on appeal without reference to the merits of the application.

APPEAL from Lawrence Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Harris-Cortner & Co., against Howell & Howell, and others, for a receiver. From a decree appointing the receiver prior to the filing of the bill respondents appeal. Reversed and remanded.

CHENAULT & CHENAULT, and KIRK, CARMICHAEL & RATHER, for appellant. The filing of the bill is the commencement of the suit.—Sec. 3092, Code 1907. The appointment of a receiver in vacation before the filing of the bill is without jurisdiction and void.—*Harwell v. Potts,* 80 Ala. 70; *Crowder v. Moone,* 52 Ala. 220. The subsequent filing of the bill and giving the requisite bond by the receiver imparts no validity to the void act of his appointment.—Authorities supra. The allegations of the bill do not show good reasons for the appointment of a receiver without notice.—*Ensley D. Co. v. Powell,* 147 Ala. 300. The allegations of the bill do not authorize the appointment of a receiver at all.—*Jordan v. Jordan,* 121 Ala. 421.

E. W. GODBEY, and C. M. SHERROD, for appellee. While the order may have been made prior to the filing of the bill, yet, the same was not filed until the bill was filed, and was suspended pending the making and approval of the bond of the receiver, and hence, the order may not be said to have been made until after the filing of the bill.—*Uni. Sav., etc., v. Stoneburner,* 115 Fed. 254. In any event, the appointment related to the filing of the bill and became effective then.—*In re McCall,* 145 Fed. 898; *Horn v. P. M. R. R. Co.,* 151 Fed. 634. If the appointment is void as contended by appellant, then the order will not support an appeal, and the appeal should be dismissed.—*Adams v. Wright,* 129 Ala. 305; *State v. Crook,* 123 Ala. 627; *Ex parte Branch,* 63 Ala. 383; *Barbour v. The State,* 143 Ala. 1. Counsel discuss the

facts made by the bill, and conclude that they fully
justified the acts of the chancellor in appointing a re-
ceiver, and they cite *Freeman v. Stewart,* 119 Ala. 158;
*Culver v. Guyer,* 129 Ala. 602.    Counsel discuss other
matters not necessary to be here set out.

SAYRE, J.—Appeal from an order appointing a re-
ceiver.   The order in question was made by the chancel-
lor on December 21, 1909.   The bill was filed on the
next succeeding day.   The point is made that the order
is void because made by the chancellor in vacation and
at a time when no suit was pending, and, in conse-
quence, at a time when the chancellor was without juris-
diction.    The precise point has been decided by this
court in consonance with the contention of appellants
on two occasions.—*Harwell v. Potts,* 80 Ala. 70; *Crow-
der v. Moone,* 52 Ala. 220.   Appellees, appreciating the
difficulty presented by the cited adjudications, argue,
on the authority of *Universal Savings Co. v. Stone-
burner,* 113 Fed. 251, 51 C. C. A. 208, and *Horn v. Pere
Marquette R. R. Co.,* (C. C.) 151 Fed. 626, that the bill
should be treated as having been filed when the chancel-
lor entertained it by making a judicial order thereon,
or, what would amount to the same thing, the order
should be treated as having become effective only from
the time when the bill was filed.   They also support the
argument in an historical review, much in the line fol-
lowed in the last-mentioned federal case, which goes
to show that the master's office and rules and parapher-
nalia thereof are no more than so much machinery in-
stituted as an aid to the chancellor in the convenient
and efficient exercise of his powers.   And on these con-
siderations, and upon the assumed necessity for a rule
which would permit the appointment of a receiver by
the chancellor in advance of bill filed in cases of press-

25—168

ing emergency, it is urged that the decisions of this court are opposed to both reason and authority.

In *Universal Savings Co. v. Stoneburner,* the assimilation of the equity powers exercised by the judges of the United States to the prerogative powers exercised by the ancient chancellors will appear in the following extract: "Appellants insist that when the order of May 25, 1901, was entered, the suit in which it purported to be issued had not at that time been instituted, and that therefore said order was null and void. This claim is based upon the fact that the bill was not lodged in the clerk's office until the 27th day of May, 1901, and that the subpœna did not issue until that date. In other words, the insistence is that a suit in equity has not been commenced until the subpœna has issued. Appellants, therefore, claim that the receiver was appointed and the restraining order granted before the suit was commenced. While it is true that no process of subpœna can issue from the clerk's office in any suit in equity until the bill has been filed in such office, still it does not follow that the court, or a judge thereof in chambers, may not enter an order on consideration of the bill before it has been so lodged in said office. Under the old English practice, from which our procedure is taken, all bills in equity were first presented to the judge, who determined whether process should issue thereon; and, if he so ordered, then the bill was filed in the clerk's office. Subsequent proceedings in such suits have been controlled chiefly by rules of court, and the practice established thereunder. We are not aware of any statute or rule of practice, nor of any authoritative decision, by which the contention of the appellants in this particular instance can be sustained. In this case the bill was presented to the court on Saturday, the 25th day of May, 1901; and one of the orders now complained of

was on that day, after due consideration of the bill and exhibits, directed to be entered. The bill, therefore, was in fact filed on the 25th day of May, though it seems that process thereon did not issue until Monday, the 27th—a practice not at all uncommon in the courts of the United States. If, as a matter of fact, the order of the 25th of May by which the receiver was appointed was improvidently awarded, would not the decree of the court made on the 4th of June following, after subpœna had issued, after appellants had given notice to discharge the receiver and dissolve the injunction, and after the court had heard argument thereon, amount, in substance, to the granting of an injunction and the appointing of a receiver? We think so."

In *Horn v. Pere Marquette R. R. Co.,* Judge Lurton, then on the circuit bench, said: "An order appointing a receiver made at chambers, like an order allowing an injunction or other interlocutory order, presupposes a pending case. The objection that there was no pending suit when the order in this case was made is a misconception. I am not at all inclined to agree that when the complainant's bill and the defendant's answer were exhibited to me at Cincinnati, and an application made by both parties for the appointment of a receiver, this lodging of the pleadings with me and this consent by the defendants was not a commencement of the suit and filing of the bill as to make my order relate to the very time when I acted at Cincinnati.—*Universal Savings & Trust Co. v. Stoneburner,* 113 Fed. 251, 51 C. C. A. 208. To save the question, I made my order to take effect when the bill should be filed at Grand Rapids, and directed the clerk to then issue the necessary process. Thus the order was signed by me on December 4th. It was provisional upon the actual filing of the bill, and became effective then only. * * * The appointment related back

to the actual time of the appointment, which was the actual time when the bill was filed, because my order was framed to become effective only then, and was as if I had made it simultaneously with the filing of the bill."

It is observed that in each of the federal cases cited an argument is stated in conclusion which puts those cases much in line with the reasoning of our own decisions, though it is to be conceded that in the main they proceed upon a different theory. On the other hand, we find that Lord Chancellor Eldon said in 1808 that never in his experience had he observed an instance of the appointment of a receiver without a bill.—*Ex parte Mountfort,* 15 Ves. 445. And in *Leddel's Executor v. Starr,* 19 N. J. Eq. 159, it is said that while a receiver is generally appointed on bill filed for that purpose, and rarely before answer, except under provisions by particular statutes, there are a few exceptional cases where a receiver has been appointed upon petition; but these are the cases of infants whose position as wards of the court gives them the right to apply by petition, or the cases of others similarly situated. Without conceding the intimation of the last case that infants become wards of the court of chancery, as that court exercises jurisdiction under the Constitution and laws of this state, without a bill filed in regular course, and still less that chancellors here exercise the prerogative functions of parents patriæ as did the chancellors in earlier times, we note that on these authorities Mr. High states the usual practice, both in England and America, to be that receivers are appointed only upon bills filed for that purpose, and that as a general rule the courts will not grant a receivership merely upon petition, when no cause is actually pending and no bill is filed to give the court jurisdiction, unless in very special

cases of emergency.—High on Receivers, § 83. The filing of the bill is the commencement of the suit under our statute.—Code, § 3092. And the filing is to be made with the register of the chancery district in which (in this case) the defendants, or a material defendant, resides.—Code, § 3093. We apprehend that no urgency of special cases, still less that any supposed considerations of mere convenience in reaching at once the chancellor and the register which do not exist, because the register may act alone in appointing a receiver, can justify the assumption of jurisdiction except upon bill filed as provided by statute. In the cases heretofore decided by this court the considerations here urged were necessarily involved; but it was held that, where a receiver was appointed upon ex parte application before bill filed, the appointment should be revoked upon appeal without weighing the merits of the application. We perceive no overruling reason for departing from those cases, and conceive our duty to be, on consideration of all the circumstances, to follow in their wake.

A decree will be entered here revoking the appointment of the receiver, and remanding the cause for further appropriate orders.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and ANDERSON, JJ.. concur.