# Minona Portland Cement Co. *et al. v.* Reese, *et al.*

*Bill to Dissolve Corporation and Cancel Stock Issued.*

(Decided May 10, 1910. ·52 South. 523.)

1. *Corporations; Stockholder's Suits.*—Unless facts are shown which would render an application to the directors useless, individual stockholders must first apply to the directors for redress before they can sue to remedy corporate wrongs.

2. *Same; Corporation; Bill to Dissolve.*—The stockholders of a non-going corporation which owes no debts and which has failed of the objects for which it was formed may sue for dissolution of the corporation. and the distribution of its assets to those entitled thereto without first applying to the directors, since the directors have no authority to dissolve the corporation.

3. *Same; Dissolution; Jurisdiction.*—A court of equity is the proper forum to have dissolved a non-going corporation and to distribute its assets among those entitled thereto.

[Minona Portland Cement Co., et al. v. Reese, et al.]

4. *Same; Dissolution; Bill.*—Where a bill by stockholders to dissolve a corporation alleges that it was a failure and sets up facts showing conclusively that it was a failure and that the business for which it was formed could never be inaugurated or carried on, equity has jurisdiction to dissolve.

5. *Equity; Complete Relief.*—Where equity takes jurisdiction for the purpose of dissolving a non-going corporation and distributing its asets under a bill filed by the stockholders, it will settle all the equities arising out of the subject matter of the bill.

APPEAL from Selma City Court.

Heard before Hon. J. W. MABRY.

Bill by J. E. Reese and others against the Minona Portland Cement Company, and others, to dissolve the corporation, distribute its assets and cancel certain stock. From a decree overruling a demurrer to the bill as amended, the defendants appeal. Affirmed.

A. L. McLEOD, W. M. VAUGHAN, and E. C. JONES, for appellant. The facts on which the assertion is based that an appeal to the directors would be vain must be stated with particularity and definiteness before an individual stockholder can maintain a bill to right corporate wrongs.—*Crow v. Florence I. & C. Co.*, 143 Ala. 544; *L. & N. R. R. Co. v. Neal*, 128 Ala. 149; *Steiner v. Parsons*, 103 Ala. 220. Where relief is not granted by the directors, the complaining stockholder must apply for relief to the stockholders as a body.—*Steiner v. Parsons, supra; Tuscaloosa Mfg. Co. v. Cox*, 68 Ala. 71. We beg also to call attention to Section 28, Cook on Corp.

W. T. HARRIS and W. F. HOGUE, for appellee. Equity has jurisdiction to grant relief in this instance, and under the facts of the bill, the suit was properly instituted by a stockholder, without application to the directors.—*Planters v. Wagner*, 71 Ala. 581; *Nathan v. Thompkins*, 82 Ala. 477; *M. & C. R. R. Co. v. Wood*, 88 Ala. 660; *Tutwiler v. Tuscaloosa C. I. & L. Co.*, 89 Ala. 400; *Elyton L. Co. v. Bir. W. H. & E. Co.*, 92 Ala. 407; *Noble*

v. *Gadsden L. & I. Co.*, 133 Ala. 255; *Mtg. T. Co. v. Harmon*, 140 Ala. 505; *Ross v. Am. B. Co.*, 150 Ala. 268. The question of a bona fide purchaser cannot be raised by demurrer.—*Hanchey v. Hurley*, 129 Ala. 306.

EVANS, J.—One of the appellants, Minona Portland Cement Company, is a private domestic corporation organized under the laws of the State of Alabama. The bill in this case was filed in the city court of Selma by certain persons who own preferred stock in said corporation against those owning the common stock therein, together with the officers of said corporation and the said corporation itself. The purpose of the bill is to dissolve the corporation and to cancel certain stock issued, which is alleged to have been fictitiously paid up, to distribute the assets of the corporation among the stockholders, as may be decreed, to those entitled thereto, and for general relief. According to the allegations of the bill, the said corporation has no creditors, and no one is interested in its affairs, save the stockholders themselves. The bill further alleges that the corporation has wholly failed of the purpose for which it was organized, and sets forth matters as facts which, if true, show that the objects held in view by the promotors and organizers of the corporation have become impossible of accomplishment, and that it is impossible to proceed further with the work or business proposed. The bill was twice amended in the court below, and from a decree overruling the demurrer to it as last amended this appeal was taken.

The contention of appellants is that, before individual stockholders in a corporation can bring suit to remedy corporate wrongs, they must first apply to the directors for relief, unless facts are alleged and proved which would render an application to the directors fu-

tile and vain. This contention is correct as to corporate wrongs, but has no application to a case like the one we are now considering, so far as the general equity of this bill is concerned. It is not to redress the wrongs of directors or officers of the corporation that is the primary object of this bill, but simply to have a nongoing corporation, one that has utterly failed of the object for which it was formed, and which owes no debts, dissolved, and the assets distributed, according to law, to those entitled. In such a case there is no necessity to apply to the directors for redress, for the directors, as such, have no authority to dissolve a corporation; their business being usually to see that the corporation is properly conducted to work out the purposes for which it was formed. A court of equity is the proper place to have such dissolution decreed and the assets properly distributed.—*Ross v. American Banana Company*, 150 Ala. 270, 43 South. 817; *Central Land Co. et al v. Sullivan*, 152 Ala. 361, 44 South. 644; *Noble et al. v. Gadsden Land & Improvement Co. et. al.*, 133 Ala. 251, 31 South. 856, 91 Am. St. Rep. 27.

The allegations of the original bill that the corporation was a failure, and setting up facts which, if true, show conclusively that it is a failure, and that the business for which it was formed can never be inaugurated or carried on, gave the court jurisdiction, and was not subject to demurrer; and, the court having taken jurisdiction for the purpose of dissolving the corporation, it will settle all the equities arising out of the subject-matter of the bill.

There is no question of laches appearing upon the face of the bill that could defeat any of the rights of complainants. The corporation was not formed until November 14, 1906, and the bill in this case was filed June 12, 1908. The bill charges that the 1,250 shares

of common stock, estimated as of the par value of $100 each, were paid for by respondents with lands worth $15,400. In other words, $125,000 worth of common stock was paid for with $15,400 worth of land. This was in plain violation of section 26 of an act approved October 2, 1903. See Gen. Acts Ala. 1903, p. 327, which provides how subscriptions to capital stock of corporations may be discharged, and one of the ways is by a transfer of property at its reasonable value. If the allegations of the bill are true (and we must take them to be true for the purposes of the demurrer) then the larger part—the difference between $15,400, the value of the land, and $125,000, the face value of the common stock—was a fiction, and complainants would be entitled to relief against this, unless they have lost this right by laches, acquiescence, or participation in the unlawful and fictitious issue of stock, or for some other sufficient cause. As none of these appear from the allegations of the bill, the question could not be raised by demurrer. Hence the ground of demurrer attempting to raise this question was properly overruled.

We have discussed and decided all questions presented and urged in the brief of appellants' counsel, and find them all against appellants. The decree of the judge of the city court, overruling the demurrer, is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.