(76 South. 312)

STONE v. DAVENPORT BROS. et al.

(8 Div. 36.)

(Supreme Court of Alabama. June 14, 1917.)

1. VENUE &lowast;5(4) — FRAUDULENT CONVEYANCE—SETTING ASIDE STATUTE.

Under Code 1907, § 3093, requiring bill in chancery to be filed in the county in which defendants reside, the chancery court of Cullman county had jurisdiction to set aside a conveyance of land situated in Marshall county made by defendants, residents of Cullman, in fraud of creditors.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 8.]

2. SUBROGATION &lowast;14(3) — PAYMENT OF MORTGAGES — GRANTEE OF FRAUDULENT GRANTEE — CANCELLATION OF ORIGINAL CONVEYANCE.

Where a debtor fraudulently conveyed land, and his grantee conveyed to another on part consideration of the assumption and later payment of mortgages executed by the grantee, and thereafter the original conveyance by the debtor was canceled at suit of his creditor, the ultimate grantee, who had paid the mortgages, was subrogated to the rights of the original mortgagees in the premises against the creditor which had the conveyance set aside, and was entitled to be paid the amount paid the mortgagees.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. § 38.]

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Suit by J. R. Stone against Davenport Bros. and others. From an order dismissing injunction pendente lite, complainant appeals. Reversed, and order entered reinstating such injunction until final disposition of the cause.

D. Isbell, of Guntersville, for appellant. Street & Bradford, of Guntersville, for appellees.

McCLELLAN, J. On March 22, 1911, W. W. Gregg was the owner of the land described in this bill, and on that day conveyed to Wyatt H. Gregg. On August 23, 1911, Davenport Bros., wholesale merchants at Chattanooga, Tenn., along with other creditors of W. W. Gregg, filed their bill in the chancery court of Cullman county, Ala., to set aside and annul, as in fraud of W. W. Gregg's creditors, the conveyance executed by W. W. Gregg to Wyatt H. Gregg; both of whom resided in Cullman county, Ala., and were parties to the bill. The land conveyed to Wyatt H. Gregg was situate in Marshall county, Ala. On December 12, 1911, while the mentioned cause was pending in the Cullman chancery court, the complainant (appellant, Stone) in the bill under review on this appeal bought this land from Wyatt H.

Gregg on a consideration of $1,600, $800 of which consideration was to be and was paid in cash and the remainder satisfied by the assumption and later payment, by the complainant, Stone, of two mortgages, on a presumably passing consideration, executed by Wyatt H. Gregg on April 28, 1911, some months before the bill was filed by W. W. Gregg's creditors in the Cullman chancery court. On October 31, 1912, the Cullman chancery court rendered a decree granting the relief prayed and canceling the conveyance of date March 22, 1911, from W. W. to Wyatt H. Gregg, complainant Stone's grantor. This decree has not, so far as this record advises, been reversed or annulled. Later the decree rendered by the Cullman chancery court was executed by a sale of this land to satisfy the demands of W. W. Gregg's creditors, and at this sale Davenport Bros. became the purchasers, their purchase being confirmed. On July 26, 1916, Davenport Bros. brought their action of ejectment against the complainant, Stone, in the Marshall circuit court to recover the possession of this land. Stone filed this bill, upon theories to be stated, to restrain the prosecution of that action, and an injunction pendente lite was issued; but subsequently the injunction was, on hearing, dismissed, and from this order this appeal is taken.

[1] It is first asserted, in effect, that the decree of the Cullman chancery court, canceling the conveyance to Wyatt H. Gregg, was void because of the absence of jurisdiction to affect the title to this land, situated as it is in Marshall county. According to the decisions construing the provisions of Code, § 3093, the point stated is not well taken. Reeves v. Brown, 103 Ala. 537, 15 South. 824; Burrow v. Clifton, 186 Ala. 297, 300, 65 South. 58. A different statutory rule is prescribed in cases of partition. Clark v. Smith, 191 Ala. 166, 67 South. 1000.

[2] The main contention of complainant, appellant, is that, since the complainant, Stone, was, in consequence of the cancellation of the conveyance to Wyatt H. Gregg (from whom Stone purchased pending the cause in the chancery court of Cullman county), defeated, his acquisition of any title under that purchase from Wyatt H. Gregg, the mortgages which he paid in accordance with his contract, should in equity still be regarded as existing securities in his hands to constitute an equity in him, against Davenport Bros., upon which to found a right to be paid the amount which complainant paid to the mortgagees, and that he should be subrogated to the rights the original mortgagees had in the premises; the effect, in equity, of his act in paying the mortgages being to exonerate from their charge the title and property passing to Davenport Bros. under their purchase at the sale under the decree of the Cullman chancery court. This theory of the

cause set up in the appellant's bill appears to the court to be ruled in appellant's favor by our case of Faulk v. Calloway, 123 Ala. 325, 26 South. 504. If it is accepted that recourse to the equity stated depends upon the repudiation of the contract by W. W. Gregg (corresponding in relation to Calloway in Faulk v. Calloway) the appellees could not be in any better case than would have been Gregg if he had sought and secured the cancellation of his conveyance of March 22, 1911; for the rights and interest of appellees, who purchased at the sale, are as privies to Gregg. The doctrine and principle of that decision cannot be discriminated, though there is a difference in the facts there involved, to the end of avoiding its application to the facts alleged in the present bill. It results from the authority of Faulk v. Calloway that the court erroneously dissolved the injunction, since the bill possessed equity under the theory last stated.

The order dissolving the injunction pendente lite is reversed, and an order will be here entered reinstating such injunction until the final disposition of this cause.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.