(85 South. 797)

**TERRELL v. KIMBRELL et al.   (6 Div. 95.)**

(Supreme Court of Alabama.   June 30, 1920.)

**1. Venue ⬪5(3) — In ejectment in county where land is.**

Plea of defendants in ejectment that the land sued for lay wholly in another county was properly sustained, under Code 1907, § 6110.

**2. Appeal and error ⬪186—Correct judgment as to venue upon informal procedure not objected to will be affirmed.**

In ejectment action where, although no evidence was offered on either hand, the complaint by affirmative allegation showed the truth of defendants' plea in abatement that the land lay wholly in another county, and the court proceeded to render judgment for defendants on their plea, such result must be affirmed; the judgment being correct, and there being no objection to the procedure.

Appeal from Circuit Court, Jefferson County; A. C. B. Gwin, Judge.

Ejection by A. J. Terrell against Neaty Kimbrell and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

Both parties to the suit reside in Jefferson county, and the action was properly brought there. Section 6110, Code 1907; 139 Ala. 486, 36 South. 512; 57 Ala. 586.

Huey & Welch, of Bessemer, for appellees.

Actions relative to land must be brought in the county where the land is located.

---

⬪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Section 6110, Code 1907; 175 Ala. 299, 57 South. 754; 139 Ala. 482, 36 South. 512.

SAYRE, J. [1] This statutory action of ejectment was brought by appellant in the circuit court of Jefferson county for the recovery of land situate wholly in Shelby county. It appeared in the pleading, and the fact is commented on in the briefs, that both plaintiff and defendants resided in Jefferson county; but, as we shall see, the places of residence of the parties is of no consequence. Defendants' plea that the land sued for lay wholly in Shelby county was properly sustained. The language of section 6110 of the Code settles the question beyond cavil. It is:

"All actions for the recovery of land, or the possession thereof, or for a trespass thereto, must be brought in the county where the land lies; a summons issuing contrary to this section must be abated on the plea of the defendant."

The question here involved was considered, collaterally, in Woolf v. McGaugh, 175 Ala. 299, 57 South. 754; Patton v. Monroe, 139 Ala. 482, 36 South. 512. But nothing was said in either of those cases tending to impair the plain meaning of the statute.

Appellant refers to Ashurst v. Gibson, 57 Ala. 584. But that was a case in chancery in which venue is governed by section 3093 of the Code. Venue in such cases is determined upon considerations different from those which determine venue in real actions in the courts of law. See cases noted under the section and Woolf v. McGaugh, supra. At all events the plain language of the statutes applicable to the two sorts of cases is widely different.

[2] It seems that no evidence was offered on either hand; but the complaint by affirmative allegation showed the truth of defendant's plea in abatement; and the court proceeded—rather informally, it may be conceded—to render judgment for defendants on their plea. The judgment was correct; there was no objection to the procedure; and the result must now be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.