## SMITH et al. v. DICKIESON et al.
### (7 Div. 319.)

(Supreme Court of Alabama. Oct. 26, 1922.)

1. **Corporations** ⊛614(4)—**Bill seeking division of defunct corporation's land assets need not state owners' interest.**

A bill praying for the division of the assets of a defunct corporation, consisting entirely of land, is not demurrable because the interest of the respective owners in the land is not set out.

2. **Corporations** ⊛614(7)—**In proceedings to divide assets of defunct corporation and general relief, court may enter decree of dissolution.**

A bill in equity, seeking authority to proceed under Code 1907, § 3106, against parties unknown to secure under section 5207, and chancery rule No. 19 (Code 1907, p. 1533), a sale of the realty of a defunct corporation and a division of the proceeds and for general relief, alleged that the corporation was capitalized at $50,000, $21,600 of which was paid in, that it owned 1,038 acres of land and had not made any attempt to operate for nearly 30 years. *Held*, that the proceeding was not one for the sale and division of land but one by a stockholder for the administration of the assets of a defunct corporation, and the court had power to enter a formal decree of dissolution at the time of distributing the assets.

3. **Appeal and error** ⊛232(1½)—**Matters not assigned as grounds for demurrer need not be reviewed on appeal from order overruling demurrer.**

On appeal from an order overruling a demurrer to a bill praying for the division of the assets of a defunct corporation, it is unnecessary for the court to consider the lack of any allegation of debt on the part of such corporation, where no assignment of the demurrer takes that point.

4. **Corporations** ⊛614(4)—**Bill in proceeding for division of defunct corporation's assets held to contain equity.**

A bill in equity seeking authority to proceed under Code 1907, § 3106, against parties unknown to secure, under section 5207, a sale of the realty of a defunct corporation and a division of the proceeds and for general relief, alleging that the corporation was capitalized at $50,000, $21,600 of which had been paid in, and that it owned 1,038 acres of land and had made no attempt to operate for nearly 30 years, *held* to contain equity.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Bill by A. E. Dickieson and another against Laura M. Smith and others, for the sale of lands of a defunct corporation for division among stockholders. From a decree overruling demurrers, defendants appeal. Affirmed.

C. A. Wolfes, of Ft. Payne, for appellants.

A member or stockholder of a corporation is not a joint tenant or a tenant in common of the corporate property. 14 C. J. 864; 166 Ala. 317, 51 South. 992. The bill, for the sale of lands for division, fails to seek dissolution of the corporation, so that all assets will be administered, and is without equity. 133 Ala. 250, 31 South. 856, 91 Am. St. Rep. 27. A bill for sale for distribution must set forth the respective interests of the owners of the land, and not leave them to conjecture or inference. 196 Ala. 151, 71 South. 996.

Isbell & Scott, of Ft. Payne, for appellees.

The bill was not subject to the demurrer. 189 Ala. 271, 65 South. 1020; 10 Cyc. 1328; 184 Ala. 322, 63 South. 522; 205 Ala. 479, 88 South. 597; 200 Ala. 511, 76 South. 453.

GARDNER, J. This is an appeal from the decree of the court below overruling the demurrer of the appellants to the appellees' bill as amended.

The complainants in the court below were interested as stockholders in a corporation organized under the laws of this state in 1891, known as the Kaolin Land Company. The corporation was capitalized at $50,000, but only $21,600 par value of the stock was sold, and this amount was invested in the purchase of the land described in the bill, and the making of openings thereon preparatory to the operation of clay mines. A reasonable construction of the bill's averments leads to the conclusion that this was all the property owned by the corporation.

It is averred that, in the years 1892, 1893, the real estate boom which had theretofore prevailed in the county in which this land was situated (De Kalb county) died out, and that the parties to this litigation, original stockholders of the corporation, returned to their former homes in the eastern states, and abandoned the project. Most of these stockholders were from various states, and but few of them known to complainants. That since 1893 the corporation has not attempted to operate under its charter, has held no meetings, had no officers, and has long since ceased to exist as a corporation. The property owned by it consists of 1,038 acres of land situated in De Kalb county, Ala.; and the bill sets out the names of the original stockholders with the amount each contributed to the capital stock, as representing the interest each of them have in said land which is sought to be sold and the proceeds distributed.

The bill further alleges that the complainants have set out the interest of each stockholder as best they can be obtained, and have made diligent inquiry to ascertain who really owns the other interest, making an

effort to get possession of the books of the corporation, but without avail. It is also alleged that many of the original stockholders are dead, and that the names and addresses of their heirs are unknown and cannot be ascertained, after diligent inquiry. It is prayed that proceedings be had as authorized by section 3106 of the Code, and also that some of the present owners of the capital stock are unknown, and the bill contains sufficient averments to bring the same within the influence of section 5207 of the Code of 1907, and chancery rule 19, p. 1533 of the Code. Lyons v. Jacoway, 205 Ala. 479, 88 South. 597; Decatur Land Co. v. Robinson, 184 Ala. 322, 63 South. 522; Noble v. Gadsden Land & Imp. Co., 133 Ala. 250, 31 South. 856, 91 Am. St. Rep. 27.

[1] Counsel for appellants insist that the bill is demurrable for failure to set out the respective interests of the owners of the land, citing Martin v. Cannon, 196 Ala. 151, 71 South. 996. That was a case involving a sale of the land for division among tenants in common, and is without application here. Our attention is also directed to the case of Ala. F. M. & B. Co. v. Dubberly, 198 Ala. 545, 73 South. 911, to the effect that all the stockholders are necessary parties to a bill of this character. But this authority contains the qualifying statement that such is the rule "in the absence of a showing that it is practically inconvenient to make them parties, or that their interests are adequately represented—in accordance with the rule declared in Noble v. Gadsden L. & I. Co., 133 Ala. 250."

[2] Cases of this character have frequently been before this court, and the rules governing are now well understood. This is not a bill for the sale of land for division, but one by a stockholder asserting the common-law right to have a court of equity administer the assets of a defunct corporation for the purpose of distribution among the stockholders—the purposes for which it was organized having been long since abandoned. Noble v. Gadsden Land & Imp. Co., supra; Decatur Land Co. v. Robinson, supra; Mobile Temp. Hall Ass'n v. Holmes, 189 Ala. 271, 65 South. 1020; Miller v. Herzberg, 202 Ala. 613, 81 South. 555; Phinizy v. Anniston City Land Co., 195 Ala. 656, 71 South. 469; Dixie Lbr. Co. v. Hellams, 202 Ala. 488, 80 South. 872. The bill seeks a sale of the land for the purpose of distributing the proceeds among the stockholders. There is a prayer for general relief.

In the above case of Noble v. Gadsden Land & Imp. Co., the court declined to commit itself to the proposition in cases of this character as to whether there should also be a decree of dissolution. But in the later case of Decatur Land Co. v. Robinson, supra, such decree was held proper; and, as stated in Mobile Temp. Hall Ass'n v. Holmes,

supra, such decree seemed to result "as an incident to the jurisdiction first obtained for the distribution of the assets of the corporation." Under the bill as thus framed therefore, it is within the power of the court to enter a formal decree of dissolution at the time the assets of the corporation are distributed among the stockholders.

[3] There is some suggestion in brief of counsel for appellants that the bill is defective in failing to aver there were no debts. While there is no specific reference thereto in the bill, counsel for appellees urge that in view of the averments, in substance, that the corporation had been defunct since 1893, and the project for which it was organized abandoned, and no attempt made to operate under its charter—no meetings, and no officers—that this would suffice to raise a presumption that in fact there were no debts. See Jellerson v. Pettus, 132 Ala. 671, 32 South. 663. We find it unnecessary, however, to enter into a consideration of this question, as no assignment of demurrer takes that point.

[4] We are of the opinion that the bill has equity, and is not subject to the assignments of demurrer interposed thereto. The decree of the court below will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.