JONES et al. v. HENDERSON. (3 Div. 635.)

(Supreme Court of Alabama. Jan. 24, 1924.)

**1. Corporations ☞614(3)—Bill by single stockholder for dissolution maintainable where purpose has failed.**

Under the common law, bill may be maintained by single stockholder for dissolution of corporation and distribution of its assets, where it has failed of the purpose and objects of its creation.

**2. Corporations ☞614(4)—Allegations in bill by single stockholder for dissolution sufficient to give equity.**

Allegations in bill by single stockholder to dissolve corporation and distribute its assets, that it owes no debts, that the purposes for which it was formed—erection and operation of a toll bridge—cannot be profitably engaged in because of new free road and bridge, that the subscribers for stock agreed, if the money to carry out its purposes could not be raised, the corporation should cease to function, and that the money could not be raised, and the corporation was abandoned by the incorporators, held sufficient to give equity to the bill.

**3. Equity ☞39(1)—Having jurisdiction will settle all equities.**

The court, having jurisdiction for purpose of dissolving a corporation and distributing the assets, will also settle all equities arising out of the subject-matter of the bill.

**4. Corporations ☞629—Under agreement and circumstances stock subscribers to be placed in statu quo on dissolution.**

Where the purpose of a corporation was to erect a toll bridge and operate it in connection with a toll road, and it became impracticable because of a free road and bridge being built, and it was impossible to raise sufficient money, in which case it had been agreed by the incorporators that subscribers should not be called on for payment of stock, and the only money paid in was by one subscriber, the money will, on dissolution, be returned to him, and the subscriptions not collected; and the scheme of the largest subscriber, who was to pay with a toll road, which has become worthless, to collect from all and then divide the money will be prevented.

**5. Corporations ☞614(3)—Corporation and all stockholders and subscribers proper parties to dissolution suit.**

The corporation and all stockholders and subscribers for stock are proper parties to a suit for dissolution and distribution of assets.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Suit by W. G. Henderson against Henry C. Jones and others. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

Ball & Beckwith, of Montgomery, for appellants.

Nonuser by a corporation cannot be urged in a collateral proceeding. The bill is without equity. Code 1907, §§ 3512, 3515; Bloch v. O'Conner Mining & Mfg. Co., 129 Ala. 528, 29 South. 925; Sprowl v. Lawrence, 33 Ala. 674; Noble v. Gadsden Land & Imp. Co., 133 Ala. 250, 31 South. 856, 91 Am. St. Rep. 27; Fletcher, Cyc. Corp. § 5530, 3026; Rouse v. Martin, 75 Ala. 510, 51 Am. Rep. 463; Brown v. Brown, 68 Ala. 114; Ross v. American Banana Co., 150 Ala. 270, 43 South. 817.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

The bill has equity, and demurrer was properly overruled. Decatur Land Co. v. Robinson, 184 Ala. 322, 63 South. 522; Minona Portland Cement Co. v. Reese, 167 Ala. 485, 52 South. 523; Noble v. Gadsden Land & Imp. Co., 133 Ala. 250, 31 South. 856, 91 Am. St. Rep. 27; Central Land Co. v. Sullivan, 152 Ala. 360, 4 South. 644, 15 Ann. Cas. 420; Smith v. Dickieson, 208 Ala. 309, 94 South. 84.

MILLER, J. This is a bill in equity to dissolve a corporation, annul its charter, and distribute its assets to those entitled thereto, and for injunction to prevent the collection of the subscription of complainant for stock. It is filed by W. G. Henderson, a subscriber for stock, against the Alabama Bridge & Road Company, the corporation, and E. J. Mathews, Henry C. Jones, O. O. Nelson, and Frank Stollenwerck, the other stockholders of the corporation.

The defendants demurred to the bill; it was overruled by the court, and from that decree this appeal is prosecuted, and it is the error assigned.

The bill alleges the prime objects and real purposes of the organization of the corporation were the erection of a toll bridge over the Tallapoosa river at Judkins Ferry, and the operation of a toll road in connection therewith. The original organizers of the corporation were Henry C. Jones, E. J. Mathews, and the complainant. E. J. Mathews subscribed for 1 share of stock of the par value of $100 in the corporation, and paid $20 thereof to the corporation. Henry C. Jones subscribed for 155 shares of stock of the par value of $100 each, to be paid in cash, with the privilege of discharging it in the transfer of property, and he agreed in writing to transfer and assign "the Henry C. Jones new graded road" to the corporation, in payment of his subscription of $15,500 for the 155 shares of the capital stock. The complainant subscribed for 100 shares of stock of the par value of $100 each, and agreed in writing to convey to the corporation his right, title, and interest in the Judkins Ferry on the Tallapoosa river, including boats and appliances in payment of $2,500 on the $10,000 for this 100 shares of the capital stock. The bill further avers "that it was agreed and understood between said Henry C. Jones, E. J. Mathews, and your complainant that unless said purposes were able to be carried out, and unless a sufficient amount of money was raised to carry out such purposes, that said corporation should cease to function, and should not call upon the subscribers for the payment of its stock, nor in any other manner perform any corporate function other than to distribute any assets it might have."

The bill alleges it was impossible to raise the amount of money necessary to construct the bridge; the corporation was then abandoned by complainant and the other incorporators; its corporate franchises were surrendered; that nothing further was done with reference to the corporation; the corporation exercised none of its privileges or franchises from the latter part of 1919 until about a month before this bill was filed on June 7, 1922. The bill also alleges that the corporation has wholly failed of its purposes; that it is now impossible to carry out its purposes; that the state of Alabama has erected or is erecting a bridge over this river, to be used free by the public, at or immediately adjacent to the place where it was proposed that this corporation should erect its bridge; and it would be impossible to operate profitably a toll bridge there now, as was contemplated by the organizers of the corporation; that to attempt to and to operate a toll bridge there would be financially disastrous to the stockholders. It further appears from the averments of the complaint "that said corporation has incurred and has no debts or liabilities."

[1, 2] This bill is not filed under the statutes (sections 3510, 3512, Code 1907) to dissolve a corporation, but is filed under the common law to dissolve a corporation, administer its affairs, because it has failed of the purpose for which it was organized; that under the facts averred the corporation could not with profit erect and maintain a toll bridge and toll road at the point designated by the corporation in competition with a free bridge and free road maintained by the state at that place or near there, within a few hundred yards thereof.

This court, in Decatur Land Co. v. Robinson, 184 Ala. 324, 63 South. 523, wrote:

"There can be no doubt of the proposition that, when a private business corporation has failed of the purposes and objects of its creation, a single stockholder may maintain a bill in equity for the dissolution of the corporation

and the distribution of its assets among those entitled thereto, and this may be done whether the corporation be solvent or insolvent. * * * If, however, it is clear that the business cannot be profitably continued, the petition of a minority for a dissolution will be granted. * * * If the corporation cannot successfully operate in the future, and the court takes charge of it and distributes the assets among the stockholders, there is no necessity for the survival of the company, and the court not only has the power to do so but should dissolve the corporation."

These principles are recognized and approved in Smith v. Dickieson, 208 Ala. 309, 94 South. 84; Portland Cement Co. v. Reese, 167 Ala. 485, 52 South. 523.

It appears from the bill that the corporation owes no debts; that the real purposes for which it was formed under the facts are impossible to be profitably engaged in by the corporation; that the money necessary to carry out the designs and business of the corporation could not be raised; that the original subscribers for stock agreed, if the money to carry out its purposes could not be raised, the corporation should cease to function, and should not call on the subscribers for the payment of its stock; and the corporation was then abandoned by complainant and the other incorporators. These facts are sufficient to give equity to the bill, and to authorize and entitle the complainant to maintain this bill for distribution of the assets and the dissolution of the corporation. Decatur Land Co. v. Robinson, 184 Ala. 324, 63 South. 522, and authorities supra.

[3] The court, having jurisdiction for the purpose of distributing the assets and dissolving the corporation, "will settle all the equities arising out of the subject-matter of the bill." Portland Cement Co. v. Reese, 167 Ala. 485, 52 South. 523.

[4] After it could not raise the money necessary to carry out its design, and after the agreement that the corporation cease to function, as it could not profitably compete with the free bridge and free road of the state, the corporation lay dormant from 1919 until about a month before this bill was filed in June, 1922.

The bill further alleges that the property by which Henry C. Jones was permitted to discharge his subscription of $15,500 for stock in the corporation had in the meantime become worthless on account of this free road and free bridge in process of construction by the state at or near his road; that Henry C. Jones afterwards sold or conveyed said road property to Frank Stollenwerck, and thereby made it beyond his power to comply with his contract with the corporation. It is also alleged in the bill:

"That about a month ago, and after said road had become worthless, said Henry C. Jones and Frank Stollenwerck conceived the fraudulent idea of conveying said road unto said corporation in discharge of the subscription of Henry C. Jones to the stock of said corporation, and of compelling your complainant to pay his subscription for the stock of said corporation; that in pursuance of such idea or scheme said Henry C. Jones transferred to said Frank Stollenwerck 1 share of corporate stock of said corporation, and to O. O. Nelson 1 share of corporate stock of said corporation; that in further pursuance of said scheme said Henry C. Jones did call or cause to be called a meeting of the stockholders of said corporation; that at such meeting said Henry C. Jones and his said confederates, Frank Stollenwerck and O. O. Nelson, were elected the directors of said corporation by said Henry C. Jones, he being the majority stockholder in said corporation; that thereupon your complainant received a demand from said corporation for the payment of his subscription. Your complainant avers that at law he has no defense to the action which said corporation will proceed to institute against him, but that it would be inequitable and fraudulent to permit said scheme to be carried out and said fraud to be perpetrated on your complainant. Your complainant avers that he has no adequate remedy at law."

This is a fraudulent scheme attempted to be perpetrated, under the averments of the bill, by one subscriber for stock and his confederates against another subscriber for stock, under circumstances which would not be just and equitable among all the stockholders, and which equity can prevent, and should not permit. The corporation could not perform the purposes for which it was designed with any profit, but at a complete loss. Only $20 of the capital stock had been actually paid. There are no creditors of the corporation, and no liabilities have been incurred by it. There are no intervening superior rights of innocent third persons to be protected; no necessity exists for any subscriber for stock to pay his subscription. Equity will not permit one subscriber for $15,500 in stock to pay it in property, practically worthless, in order that complainant may be required to pay in cash a large amount for his stock, in order that the cash may be divided and distributed among the stockholders of the corporation. This would be inequitable and unjust. It would be a fraud on the complainant. When this corporation is dissolved, equity requires, under the agreement and circumstances averred in the bill, that each subscriber for stock should, if practical, as among themselves, be placed in statu quo. The $20 paid by E. J. Mathews should be returned to him; the graded road property of Henry C. Jones should be reconveyed by the corporation to the grantors in the deed, just as they conveyed it to the corporation; and no part of the subscription for the 100 shares of stock subscribed by complainant should be collected, as no necessity exists therefor. Noble v. Gadsden L. & I. Co., 133 Ala. 256, 31 South. 856, 91 Am. St. Rep. 27; Morawetz on Corp. §§ 284, 412.

[5] The complainant by the bill seeks a

dissolution of the corporation and a distribution of its assets. All of the stockholders and subscribers for stock are interested therein; and they are proper parties complainant or defendant. The corporation is also a proper party to such a cause. Decatur Land Co. v. Robinson, 184 Ala. 322, 63 South. 522; ·Ross v. American Banana Co., 150 Ala. 268, 43 South.·817.

The court by decree overruled the demurrers to the bill. There is equity in the bill, and we find no error in the decree, and it is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.