(101 South. 587)

CAIRNS et al. v. BETHEA. (6 Div. 156.)

(Supreme Court of Alabama. Oct. 16, 1924.)

1. Corporations ⊜614(4)—Stockholder's bill, seeking distribution of corporation assets, held to state cause of action.

Bill by stockholder, alleging that corporation had suspended performance of functions for which it was created, praying for dissolution and that its coal properties be sold and proceeds distributed, held to state cause of action.

2. Corporations ⊜609—Bill to dissolve corporations held properly brought in county where land located.

That land of corporation, to procure sale of which was purpose of bill for dissolution, was located in W. county, in which it was organized to do business, held under Code 1907, § 6112, presumptively to show venue of bill to be in W. county.

3. Corporations ⊜609—Equity held to have jurisdiction ab initio of bill to forfeit corporate life.

Where bill sought to have corporation dissolved, because its members had not exercised functions for which it was created, equity was proper forum for relief ab initio, and it was unnecessary to first seek relief within corporation.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Bill in equity by S. R. Bethea against the Jasper Coal & Coke Company, T. C. Cairns, and all other stockholders of the corporation. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

Roy McCullough, of Birmingham, for appellants.

The bill is without equity. Noble v. Gadsden L. & I. Co., 133 Ala. 250, 31 So. 856, 19 Am. St. Rep. 27; Central Land Co. v. Sullivan, 152 Ala. 360, 44 So. 644, 15 Ann. Cas. 120; Phinizy v. Anniston Land Co., 195 Ala. 656, 71 So. 469; Miller v. Herzberg, 202 Ala. 613, 81 So. 555. The bill should not have been filed in Walker county. Code 1907, § 3093. There is no excuse averred for not making demand on the board of directors for the righting of the wrongs complained of. Steiner v. Parsons, 103 Ala. 315, 13 So. 771; Tuscaloosa Mfg. Co. v. Cox, 68 Ala. 71; Nathan v. Tompkins, 82 Ala. 437, 2 So. 747; Roman v. Woolfolk, 98 Ala. 219, 13 So. 212; Merchants' v. Waganer, 71 Ala. 581; Louisville v. Neal, 128 Ala. 149, 29 So. 865; Bridgeport v. Tritsch, 110 Ala. 274, 20 So. 16; Decatur v. Palm, 113 Ala. 531, 21 So. 315, 59 Am. St. Rep. 140; Johnson v. National, 125 Ala. 465, 28 So. 2, 82 Am. St. Rep. 257.

Percy, Benners & Burr, of Birmingham, A. F. Fite, of Jasper, and George Pegram, of Faunsdale, for appellee.

The bill having been filed in the county where the land is situate, no objection can be taken to the jurisdiction. Prickett v. Prickett, 147 Ala. 494, 42 So. 408. A corporation may be dissolved for nonuser of its charter, or failure of its purpose. Code 1907, § 3515; Decatur Land Co. v. Robinson, 184 Ala. 322, 63 So. 522; Mobile T. H. Asso. v. Holmes, 189 Ala. 271, 65 So. 1020. There was no necessity to aver application to the directors. Ross v. Amer. B. Co., 150 Ala. 270, 43 So. 817; Central L. Co. v. Sullivan, 152 Ala. 361, 44 So. 644, 15 Ann. Cas. 120,; Noble v. Gadsden Co., 133 Ala. 257, 31 So. 856, 91 Am. St. Rep. 27; Minona Port. Co. v. Reese, 167 Ala. 489, 52 So. 523.

SAYRE J. [1] Complainant, appellee, averring his ownership of stock in the Jasper Coal & Coke Company, a corporation, exhibited this bill against the corporation and T. C. Cairns, praying that the corporation be dissolved; that its property be sold under decree of the court and the proceeds distributed among its stockholders. The joint and separate demurrers of defendants was overruled, and they have appealed.

Defendant corporation was formed in 1886. This bill was filed, we infer, in August, 1923, but the transcript of the record fails to show the date of filing. It avers that defendant Cairns owns a majority of the capital stock of the defendant corporation, but that complainant, after diligent inquiry, has been unable to ascertain, and is therefore unable to state, the names of the other stockholders; that complainant has made repeated requests of Cairns for a statement of the affairs and condition of the company, "but has never received any definite information as to same"; that the business of the company is being wholly neglected, and its property permitted to deteriorate; "that its property is being neglected and permitted to deteriorate; that no effort whatever is being made or has been made for several years to develop same, and that the assets of the corporation and the interests of the stockholders will be wholly dissipated and lost, and complainant will suffer irreparable loss unless some steps are immediately taken to preserve his interests and the interests of other minority stockholders"; that no meeting of stockholders has been called or held for more than six years; that no meeting of the board of directors has been held for more than five years; that complainant has received no dividends for more than ten years; that for more than five years next before the filing of the bill no assessment has been made showing the names and post office addresses of stockholders; that no franchise returns have been made nor franchise taxes paid; that defendant corporation has wholly ceased to function; that it has been practically, if not completely, abandoned; that it is no longer a going concern.

There is no averment of insolvency, nor does it appear that the business of the corporation might not be profitably continued. But, assuming the truth of the averments of the bill, we think it clear that this corporation is not a going concern, in other words, that for five years or more it has suspended the performance of the functions for which it was created under the laws of the state. The declaration of purpose filed in the court of probate for the incorporation of the defendant company, a copy of which is exhibited with the bill, shows that the incorporators intended "to purchase, own, and sell coal and mineral lands," and it may be conceded that the corporation has not ceased to own coal and mineral lands; but, as the declaration shows, the coal and mineral lands to be purchased and owned were to be "operated" in the various ways mentioned therein, and, evidently, the main business of the corporation which was "to be located in Walker county, Ala., and counties adjoining" was to be the mining of coal and iron ore, the manufacture of iron, and the sale of its products. The bill shows the abandonment for an unreasonable time of these functions and a dereliction in the performance of duties imposed by law and necessary to the continued life of the corporation. It discloses the fact that the corporation is not in any just sense a going concern and that stockholders, who may be presumed to have ventured their capital in its stock, with the expectation that reasonable efforts will be made to earn dividends, are entitled to the intervention of the court for the purposes indicated in the prayer of the bill. Sullivan v. Central Land Co., 173 Ala. 426, 55 So. 612; Noble v. Gadsden Land & Improvement Co., 133 Ala. 250, 31 So. 856, 91 Am. St. Rep. 27; Alabama Central Ry. Co. v. Stokes, 157 Ala. 202, 47 So. 336; Smith v. Dickieson, 208 Ala. 309, 94 So. 84.

[2] No reason appears upon the face of the bill why it should not be brought in Walker county. The land, to procure the sale of which appears to be the main purpose of the bill, is located in that county, and this together with the exhibits to the bill show that the corporation was organized to do business in that county. Presumptively at least these facts show the venue of this suit to be in Walker county. Code 1907, § 6112.

[3] In the conditions shown by the bill it was not necessary that complainant should first seek relief inside the corporation; his bill seeks to have the life of the corporation forfeited because its members have not exercised the functions for which it was created. The court of equity is the proper place in which to seek that relief ab initio. Minona Portland Cement Co. v. Reese, 167 Ala. 485,

52 So. 523; Decatur Land Co. v. Robinson, 184 Ala. 322, 63 So. 522.

Let the decree overruling the demurrer be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.