(133 So. 687)

### BURG v. SMITH et al.

### 6 Div. 725.

Supreme Court of Alabama.
March 12, 1931.

Rehearing Granted April 9, 1931.

Hugh A. Locke and Frederick V. Wells, both of Birmingham, for appellees.

Fort, Beddow & Ray, W. H. Smith, and Kelly & Kelly, all of Birmingham, for appellant.

THOMAS, J.

The major questions for decision are of venue and jurisdiction of necessary parties in a bill to dissolve a corporation, where accounting is sought of the officers, for collection of unpaid subscriptions to the capital stock, and for appointment of a receiver.

The venue statute contains such expressions as, "be filed in the county in which the defendants, or a material defendant, resides," and "if real estate be the subject-matter of the suit, whether it be *the exclusive subject-matter of the suit or not, then in the county where the same, or a material portion thereof is situated.*" (Italics supplied.) Section 6524, Code.

The venue cases affecting the subject-matter of land afford analogy; for example, where a mortgagor and the land mortgaged are in different counties, the foreclosure may be in the county where such defendant mortgagor resides, or in the county where the land lies. Reeves & Co. et al. v. Brown, 103 Ala. 537, 15 So. 824; Clark v. Smith, 191 Ala. 166, 67 So. 1000. So also of fraudulent conveyances canceled where the land is situated or defendant resides, Stone v. Davenport Bros., 200 Ala. 396, 76 So. 312; Davidson v. Brown, 215 Ala. 205, 110 So. 384; where a bill assailing a mortgage foreclosure for fraud has been entertained in a county where the trustee in the mortgage resides, Gay, Hardie & Co. v. Brierfield Coal & Iron Co., 106 Ala. 615, 17 So. 618. A bill for specific performance as to land, it is held, may be decreed in either the county where the land lies or where a material defendant resides, Burrow v. Clifton, 186 Ala. 297, 65 So. 58; 3 Ala. Law Journal No. 2, p. 144; a bill to quiet title may be main-

tained in the county where the land lies, City Loan & Banking Co. v. Poole, 149 Ala. 164, 43 So. 13; or to have a trust declared may be filed in the county where the land lies, where the owner is a nonresident, Kelly v. Browning, 113 Ala. 420, 21 So. 928. And in a bill for the appointment of a receiver, it was held properly filed in a county where a material defendant resides. Howell & Howell v. Harris-Cortner & Co., 168 Ala. 383, 52 So. 935, Ann. Cas. 1912B, 234. There are other classes of cases in which venue is determined from considerations different from the above, as, for illustration, the probate of a will must be contested where probated, Crawford v. Walter, 202 Ala. 235, 80 So. 73; injunction against proceedings on judgment in other courts held must be filed in the district where such proceedings are pending, were pending, and judgment rendered, Ashurst v. Gibson, 57 Ala. 584; and so of partition, Clark v. Smith, 191 Ala. 166, 67 So. 1000; and ejectment, Terrell v. Kimbrell, 204 Ala. 454, 85 So. 797, where the land is situated.

It is a general rule that, where there are several defendants, action may be maintained in any county in which one or more such necessary parties at interest as respondents reside. Code 1928, §§ 6524, 10471. All of the material respondents to the bill reside in Jefferson county where the bill was filed. And in Gettinger v. Heaney, 220 Ala. 613, 127 So. 195, this court declared that, in the absence of proper showing of inconvenience and delay, all the stockholders must be made parties to such a bill. And all of the known stockholders were made parties and are averred to reside in Jefferson county, Ala. The main purpose of the bill is not for the sale of lands, but dissolution of the corporation under the law.

The bill of complaint was filed by appellant, Burg, as a minority stockholder against said Smith, the Perrys, the Bibb Development Company, Inc., and the Red Eagle Coal Company, Inc., seeking the dissolution of the Red Eagle Coal Company and the winding up of its affairs, on the ground that it had wholly failed of the purpose for which it was organized.

The facts alleged in the bill of complaint as amended show that the Red Eagle Coal Company, Inc., was incorporated on November 26, 1912, for the purposes therein set out, with its principal place of business in Bibb county, Ala., with the other respondents as its incorporators, all of whom reside in Jefferson county, Ala., the Bibb Development Company, Inc., having its principal place of business in Jefferson county, Ala.; that the first officers of the Red Eagle Coal Company were respondent Smith as its president, respondent H. W. Perry as its vice president, and respondent T. B. Perry as its secretary and treasurer, respectively, and that said officers then consti-

tuted, and still constitute, the board of directors; that there has never been another election of officers, but that the aforesaid officers have ever since continued in office as such; that on March 30, 1914, the capital stock thereof was increased to $75,000, but that complainant does not know and has been unable to ascertain who are stockholders other than himself and the incorporators named in his bill.

Complainant avers that he bought and paid for eighteen shares of the capital stock in said corporation at $100 per share, the par value thereof, but charges that neither the incorporators nor any stockholders other than himself have actually paid for their subscriptions in cash, but that they are still indebted to the corporation for the same; alleges that the said corporation has wholly ceased to do business for more than five years next preceding the filing of this bill, and that there is no intention to resume business within a reasonable time, if at all, that its assets are being consumed and dissipated, and that the corporation has failed of all purposes for which it was organized.

The prayer of the bill was for dissolution, the appointment of a receiver to collect the assets, an accounting by the officers, and an accounting by the stockholders as to all unpaid subscriptions to capital stock.

A court of equity has inherent jurisdiction and power to dissolve a corporation that has failed of the purpose of its organization. Gettinger v. Heaney, 220 Ala. 613, 127 So. 195; Holcomb v. Forsyth, 216 Ala. 486, 113 So. 516; Henry v. Ide, 208 Ala. 33, 93 So. 860; Id., 209 Ala. 367, 96 So. 698; Cairns v. Bethea, 211 Ala. 635, 101 So. 587; Jones v. Henderson, 210 Ala. 614, 98 So. 878; Smith v. Dickieson, 208 Ala. 309, 94 So. 84; Decatur Land Co. v. Robinson, 184 Ala. 322, 63 So. 522; Minona Portland Cement Co. v. Reese, 167 Ala. 485, 52 So. 523; Ross v. American Banana Co., 150 Ala. 268, 43 So. 817; Noble v. Gadsden Land & Imp. Co., 133 Ala. 250, 31 So. 856, 91 Am. St. Rep. 27; McKleroy v. Gadsden Land & Imp. Co., 126 Ala. 193, 28 So. 660; 6 Thompson on Corporations (3d Ed.) 528, § 4628.

Insolvency is not a necessary averment when the purposes of a corporation have failed. Ross v. American Banana Co., supra; Phinizy v. Anniston City Land Co., 195 Ala. 656, 71 So. 469; Henry v. Ide, 209 Ala. 367, 96 So. 698. The failure of corporate purposes, when it has become impossible for the corporation to fulfill the purposes of its creation, will result in inevitable ruin from continued operation. In applying or approving this doctrine, the corporation had ceased to be a going concern in Noble v. Gadsden Land & Imp. Co., 133 Ala. 250, 31 So. 856, 91 Am. St. Rep. 27; and where no attempt was made to carry out the corporate purposes in Ross v. Amer-

ican Banana Co., 150 Ala. 268, 43 So. 817; Central Land Co. v. Sullivan, 152 Ala. 360, 44 So. 644, 15 Ann. Cas. 420; or had ceased to be a going concern in Minona Portland Cement Co. v. Reese, 167 Ala. 485, 52 So. 523; and where continued operation must inevitably result in ruin in Decatur Land Co. v. Robinson, 184 Ala. 322, 63 So. 522; Phinizy v. Anniston City Land Co., 195 Ala. 656, 71 So. 469. See, also, Henry v. Ide, supra; Dixie Lumber Co. v. Hellams, 202 Ala. 488, 80 So. 872; 43 A. L. R. 305; Grand Lodge v. Shorter, 219 Ala. 297, 122 So. 36.

■ And, in the absence of averred facts showing "manifest inconvenience" and "necessary and oppressive delay," all of the stockholders should be parties to a bill for the purpose of dissolution. Chancery Rule 19, Code 1923, p. 1942; Gettinger v. Heaney; McKleroy v. Gadsden L. & Imp. Co., supra; Morton & Bliss v. New Orleans & Selma Ry. Co. & Immigration Ass'n, 79 Ala. 590, 610. See Story's Eq. Pl. § 99 et seq.; 1 Daniel, Ch. Pl. 1911.

A consideration of the bill construed on demurrer would bring it within the rule as to parties as to stockholders whose names are unknown and cannot be ascertained within the purview of Chancery Rule 19 and decisions thereon.

In Cairns v. Bethea, 211 Ala. 635, 636, 101 So. 587, 588, is an observation that has application to the pleading before us. Mr. Justice Sayre for the court observed: "The bill shows the abandonment for an unreasonable time of these functions and a dereliction in the performance of duties imposed by law and necessary to the continued life of the corporation. It discloses the fact that the corporation is not in any just sense a going concern and that stockholders, who may be presumed to have ventured their capital in its stock, with the expectation that reasonable efforts will be made to earn dividends, are entitled to the intervention of the court for the purposes indicated in the prayer of the bill."

■ We are of opinion, and so declare, that the bill was not subject to grounds of demurrer challenging its sufficiency in respects indicated. The chancery jurisdiction having attached, that court has original and inherent power to appoint a receiver and for respective accountings on dissolution.

The decree sustaining demurrer is reversed, and the cause is remanded.

Reversed and remanded.

### On Rehearing.

■ The action of the trial court in sustaining demurrer is justified in the failure of proper parties, or in the averment explaining the failure thereof, that orator does not know and has been unable to ascertain, *after the exercise of due diligence*, who are the holders of said stock other than himself and those made respondents. Due diligence and facts showing manifest inconvenience or necessary and oppressive delay are required to bring such case, as to necessary parties, within Rule 19 as to parties in interest that are not brought before the court by such a bill.

The complainant has thirty days from the date of this judgment to amend the bill, if this is desired.

The rehearing is granted, judgment of reversal set aside, and judgment of the trial court is affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.